**TRY-ME BEVERAGE CO. et al. v. HARRIS.**
**(6 Div. 100.)**

Supreme Court of Alabama.   March 22, 1928.

1. **Food ⬤═25—In action arising from drinking from bottle soft drink containing foreign matter, evidence that drink was defendant's product held for jury.**

In action by school girl for personal injuries resulting from drinking bottle of soft drink which contained tinfoil, tobacco, cigarette paper, or other foreign matter, evidence *held* sufficient to go to jury as basis for inference that this particular bottle was defendant's product.

2. **Food ⬤═25—Presence of foreign matter deleterious to health in bottle of soft drink is evidence of negligence.**

Presence of foreign matter deleterious to health sealed up in bottle of soft drink is evidence of negligence.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Food** ⊕⊃25—**Question whether witness had seen any one throw cigarette in bottle held without probative force in action arising from soft drink containing foreign matter.**

In action by school girl for injuries resulting from drinking bottle of soft drink which contained foreign matter, disallowance of question whether defendant's witness had seen any one throw cigarette in bottle at defendant's plant *held* proper, since evidence called for was negative in character and so remote as to be without probative force.

**4. Food** ⊕⊃25—**Manufacturer of soft drink must use care in bottling that reasonably careful person in similar business would use.**

In action for injuries sustained by school girl from drinking bottle of soft drink which contained foreign matter, oral charge defining duty of manufacturer as " * * * if you are reasonably satisfied from evidence that defendants used the care, skill, and diligence in and about the manufacturing and bottling of soft drink that a reasonably skillful and diligent person engaged in similar business would have used, then that is all law requires of them, and plaintiff would not be entitled to recover," *held* proper.

**5. Food** ⊕⊃25—**In action arising from drinking from bottle of soft drink containing foreign matter, instruction negativing liability if jury found that injuries resulted from "accident" held confusing.**

In action for injuries sustained by school girl from drinking bottle from soft drink which contained foreign matter, instruction that, if you find from evidence that plaintiff received her injuries and damages complained of as result of mere accident, your verdict will be for defendant, *held* confusing, since, while word "accident" may signify an unexpected occurrence for which no cause is assignable, its meaning in both literary and popular usage is much broader than that.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accident —Accidental.]

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action for damages by Catherine Harris, suing by her next friend, Ruth Marshall, against the Try-Me Beverage Company, a partnership, and the individual members thereof. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Charge 4, refused to defendants, is as follows:

"The court charges the jury that, if you find from the evidence that the plaintiff received her injuries and damages complained of as a result of a mere accident, your verdict will be for the defendant."

B. F. Smith, of Birmingham, for appellants.

The general affirmative charge requested by defendants should have been given. Continental Cas. Co. v. Paul, 209 Ala. 166, 95 So. 814, 30 A. L. R. 802; Miller Lbr. Co. v. Douglas, 167 Ala. 286, 52 So. 414; Amer. C. I. P. Co. v. Landrum, 183 Ala. 132, 62 So. 757; St. L. & S. F. R. Co. v. Dorman, 205 Ala. 609, 89 So. 70; Moore v. Smith, 215 Ala. 592, 111 So. 918; Southern R. Co. v. Dixon, 211 Ala. 481, 100 So. 665. Charge 4, requested by defendants, was erroneously refused. Montevallo Mining Co. v. Little, 208 Ala. 131, 93 So. 873; Williams v. Anniston Elec. Co., 164 Ala. 84, 51 So. 385; Norwood Tr. Co. v. Crossett, 207 Ala. 222, 92 So. 461; Choate v. Southern Ry. Co., 119 Ala. 611, 24 So. 373.

London, Yancey & Brower and Whit Windham, all of Birmingham, for appellee.

The affirmative charge should never be given where the evidence is open to a reasonable inference of a material fact unfavorable to the right of recovery by the party requesting the charge. B. R. L. & P. Co. v. Colbert, 190 Ala. 229, 67 So. 513; McMillan v. Aiken, 205 Ala. 35, 88 So. 135. Charge 4 is calculated to confuse the jury. Its refusal was not error. Furthermore, the charge is adequately covered by given charges. Grauer v. A. G. S. R. Co., 209 Ala. 568, 96 So. 915; Bates v. L. & N. R. Co., 21 Ala. App. 176, 106 So. 394; City Ice Del. Co. v. Lecari, 210 Ala. 629, 98 So. 901.

BOULDIN, J. The action is for damages for personal injury resulting from drinking a beverage bottled and sold by defendants as "Try-Me," and which contained some foreign substance, to wit: Tin foil, tobacco, cigarette paper, or other foreign matter. The complaint charges the injuries were proximately caused by the negligence of defendants, or their employees, in the negligent manner in which the beverage was prepared, manufactured, or bottled.

The main insistence on appeal seems to be that the evidence did not identify the beverage bought by plaintiff as the defendants' product. For this cause it is claimed the affirmative charge should have been given, or a new trial granted.

[1, 2] The evidence went to show that defendants manufactured, bottled, and sold for consumption, in and about Birmingham, beverages under the name of "Try-Me"; that such drinks were purchased and kept at the drink stand in St. Mark's school for sale to school children; that plaintiff, a school girl, purchased a bottle, and on drinking a portion of the contents discovered something wrong in the taste, which led to examination disclosing the presence of foreign matter as charged in the complaint; that presently plaintiff became nauseated, began vomiting, and was carried to the hospital for treatment. She was released after a few hours.

The bottle alleged to have contained the drink was produced at the trial and identified as the same kind of bottle used by defendants. Plaintiff testifies "Try-Me" was imprinted on the cap. The drink was of grape flavor. Appellant seeks to construe the testimony as meaning the bottle was labeled as the beverage known as "Try-Me Grape," a different drink from "Try-Me" and presumably bottled by some other manufacturer. Some of the eyewitnesses describing the beverage called it a "Try-Me" grape. Other evidence, especially that of plaintiff, shows this phrase was merely used to identify the particular flavor of "Try-Me" beverage. The evidence was sufficient to go to the jury as basis for an inference that this particular bottle was of defendants' products. Defendants produced no evidence that any other bottler used the same trade-name or same type of bottle in Birmingham, nor that this stand bought drinks from any other. This is not a case of mere conjecture or speculation calling for the affirmative charge or a new trial. The presence of foreign matter deleterious to health sealed up in a bottle of soft drink is evidence of negligence.

The full evidence as to the modern equipment of the plant and the details of operation, including inspection both before and after filling the bottle, serve rather to emphasize than to disprove negligence of some employee in passing into the market a bottle containing the articles disclosed in the evidence.

[3] The question propounded by appellants to their witness Teaver, viz. "I will ask you to state whether or not you did on April 5, 1925, see an employee or any one else throw a cigarette in a bottle at the defendants' plant," was properly disallowed. It was not shown that the witness was at the plant watching its operations that day, nor, if so, how long. No evidence tended to show the bottle in question was filled on that day, the same day it was bought by plaintiff at the stand in St. Mark's school. The question called for evidence, negative in character, so remote as to be without probative force.

[4] The trial court, in oral charge, properly defined the legal duty of defendants as follows:

" * * * If you are reasonably satisfied from the evidence that the defendants used the care, skill, and diligence in and about the manufacturing and bottling of the soft drink that a reasonably careful, skillful, and diligent person engaged in a similar business would have used, then that is all the law requires of them and the plaintiff would not be entitled to recover."

[5] Several given charges covered the same principle in varying language. Charge 4 refused to defendants, if correct, must be construed as stating the same principle in less apt and clear language. It is not necessary to here decide whether the refusal of this charge is error in negligence cases generally, or in this particular case. See Grauer v. A. G. S. R. Co., 209 Ala. 568, par. 16, 96 So. 915; Norwood Transp. Co. v. Crossett, 207 Ala. 222, par. 7, 92 So. 461.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.