(132 So. 898)

## COCA–COLA BOTTLING CO. v. CROOK.

### 4 Div. 542.

Supreme Court of Alabama.

March 5, 1931.

Wilkerson & Brannen, of Troy, and W. M. Brunson, of Elba, for appellant.

J. C. Fleming, of Elba, for appellee.

BOULDIN, J.

The suit is by the ultimate consumer of a bottle of Coca-Cola against the bottling company for personal injuries charged to the negligence of defendant in allowing a foreign substance injurious to health to be sealed up in the bottle.

"The presence of foreign matter deleterious to health sealed up in a bottle of soft drink is evidence of negligence." Try-Me Beverage Co. v. Harris, 217 Ala. 302, 116 So. 147, 148.

Appellant insists the affirmative charge was due defendant for want of proof that the foreign substance in this bottle was deleterious to health.

Plaintiff testified it was a solid substance, "tasted just exactly like an old cow-hide smells in wet weather, * * * to the best of my knowledge it was a piece of flesh."

Other evidence tended to show that it looked like pieces of flesh in the bottle.

Further evidence tended to show plaintiff immediately became sick, nauseated, accompanied with violent vomiting; the ill effects being felt for some days.

Whether or not it was some kind of decayed flesh, or any poisonous substance in the usual sense, if so uncanny and offensive to taste and smell as to be reasonably calculated to produce and did produce such effects, it may be regarded as injurious to health within the meaning of the law, and, if negligently bottled up in the soft drink, the manufacturer would be liable for consequent injury.

While defendant's testimony tended to show the bottling plant of best type and equipment, also its careful operation and inspection, the issue of negligence vel non was for the jury on the whole evidence. The affirmative charge was properly refused.

Under the evidence in this case, charge No. 1, refused to defendant, may be regarded as misleading and invasive of the province of the jury. The jury may well have taken it as an instruction that the presence of this foreign substance was not such evidence of negligence as would warrant a finding for plaintiff, that further proof of negligent management was essential.

The trial court carefully defined negligence in substantially the terms announced in the Harris Case, supra, and placed the burden of proof on plaintiff. Defendant's given charges 4, 6, 7, and 8 likewise fully cover the law of the case.

There was, therefore, no error in refusal of defendant's charge No. 2.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.