## COLLINS BAKING CO. v. SAVAGE.

### 3 Div. 60.

Supreme Court of Alabama.

Oct. 5, 1933.

Rehearing Denied Nov. 2, 1933.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

him for negligence in the construction, manufacture, or sale of articles manufactured or sold. To this rule, however, the courts have generally recognized exceptions as to articles of a dangerous or obnoxious character, unwholesome foods, etc. Birmingham Chero-Cola Bottling Co. v. Clark, 205 Ala. 678, 89 So. 64, 17 A. L. R. 667.

The present case falls within the exception and is an action by the purchaser from a retailer of bread from the defendant, the manufacturer, for negligence in and about the manufacture or handling of same in permitting tacks, fragments of wire, or other metallic substance to get into the loaf or loaves purchased by the plaintiff which entered her stomach, making her sick, sore, etc. .

 The authorities do not seem to be in accord as to the degree of care to be exercised by the manufacturer of foods or beverages to see that such articles are fit and wholesome. The rule stated in 26 C. J. page 784 is that he must use the highest degree of care to see that such articles are fit and wholesome. On the other hand, our court seems committed to the rule that he must use the care, skill, and diligence in and about the manufacture and preparation for market that a reasonably skillful and diligent person engaged in a similar business would have used. Try-Me Beverage Co. v. Harris, 217 Ala. 302, 116 So. 147. This, however, does not mean that the fact that he used the same appliances and methods as others engaged in a similar business is conclusive against want of negligence on his part. It is a pertinent fact on the inquiry of negligence vel non, but is not conclusive. Whistle Bottling Co. v. Searson, 207 Ala. 387, 92 So. 657; Going v. Alabama Steel & Wire Co., 141 Ala. 537, 37 So. 784; Caldwell-Watson F. & M. Co. v. Watson, 183 Ala. 326, 62 So. 859.

 The jury could have well inferred that the bread in question was in the same condition when the plaintiff bought it from the retailer that it was when delivered by the defendant to the retailer. That is, that wire or tacks got into it in the manufacture of same, and this, in addition to the fact that said foreign substance was in the bread when plaintiff ate same and was thereby injured, made out a prima facie case, and it was incumbent upon the defendant to acquit itself of negligence. Coca-Cola Bottling Co. v. Crook, 222 Ala. 369, 132 So. 898; Freeman v. Schultz Bread Co., 100 Misc. 528, 163 N. Y. S. 396. This the defendant attempted to do by showing a sifting of the flour, but made no effort to show a close and careful examination of the other ingredients that went into the dough, that is, lard, sugar, and salt, and the jury could reasonably infer the want of care and prudence in this respect. Hence, the trial court did not err in refusing the general charge requested by the defendant,

Warren S. Reese, Jr., and Ball & Ball, all of Montgomery, for appellee.

ANDERSON, Chief Justice.

 It is well settled that a third person or subpurchaser from an intermediate dealer cannot recover from the original seller or manufacturer in contract as for a breach of warranty. It is also a rule of law that a manufacturer or seller is not liable to third persons who have no contractual relations with

410

nor in refusing the motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

### On Rehearing.

ANDERSON, Chief Justice.

We are taken to task for in effect changing the rule as to the burden of proof and of overruling certain cases set out in the brief on application for rehearing. We disclaim any such idea or intention. It may be that, after stating that the facts hypothesized made out a prima facie case of negligence, the further statement, "It was incumbent upon the defendant to acquit itself of negligence," was inaccurate, and the opinion should have more properly ·said, "It was then incumbent upon the defendant to go forward and answer the prima facie case or it would prevail." The burden of ·proof was on the plaintiff throughout, but the plaintiff met the burden when making out a prima facie case which was not sufficiently answered or met by the defendant's answer. Birmingham Trust & Savings Co. v. Acacia Mut. Life Ass'n, 221 Ala. 561, 130 So. 327. We think that the defendant's evidence, not only failed to answer the prima facie case, but disclosed facts from which the jury could infer negligence in the manufacture of the bread, that is, a failure to use proper precaution as to an examination of the ingredients other than flour.

The application is overruled.