176 So. 286

## DR. PEPPER CO. v. BRITTAIN.

### 6 Div. 149.

Supreme Court of Alabama.

Oct. 7, 1937.

G. P. Benton, of Fairfield, for appellee.

Action for damages by Louise Brittain against Dr. Pepper Company. From a judgment for plaintiff, defendant appeals.

FOSTER, Justice.

This is an action by the consumer of a bottled drink, alleged to have been prepared for consumption by appellant engaged in the bottling of soft drinks, and selling them to the public for human consumption.

Count A, the only one submitted to the jury, alleged those facts, and that the bottled drink was purchased from the Great Atlantic & Pacific Tea Company, operating a store, and consumed by plaintiff, who sustained personal suffering and sickness due to the presence of a black substance, fly, or

a substance which was unwholesome in the bottle, as the proximate result of the negligence of defendant in and about bottling the drink.

We have not undertaken here to set out the essential features of the complaint, but only enough to describe the cause of action.

There was demurrer to the complaint properly overruled in so far as here insisted on. We think the objections are too critical to be of practical value in considering the sufficiency of the complaint, and that no good would be accomplished by a discussion of them.

■ Appellant insists that the affirmative charge was due it because the evidence shows, as it is claimed without dispute, that it was not negligent in bottling the drink so as to produce the result. We have often referred to the principle that, when such an article is prepared for and intended to be consumed by some member of the public, and an attempt is made to do so by one so intended, and when the apparently original sealed package is first broken, it contains a foreign unwholesome substance, there is a presumption that such matter found its way in it on account of the negligence of defendant. Reichert Milling Co. v. George, 230 Ala. 3, 162 So. 393; Collins Baking Co. v. Savage, 227 Ala. 408, 150 So. 336; Coca-Cola Bottling Co. v. Crook, 222 Ala. 369, 132 So. 898; Try-Me Beverage Co. v. Harris, 217 Ala. 302, 116 So. 147.

When defendant offers without dispute evidence that its processes are such that during the operation foreign matter cannot find its way into the bottled drink or other sealed package, it does not always follow that defendant is entitled to an affirmative charge even predicated upon the usual hypothesis. The situation resembles in legal effect that which exists with respect to the liability of a railroad company for causing fire to be set out from sparks from its locomotive. The jury must first find either by direct or circumstantial evidence that the fire was caused from sparks emitted by defendant's engine. There is then a presumption of law that the railroad company was negligent either in respect to the equipment or handling of the engine, and it is due to rebut that presumption. If this is done without conflict, and there are no conflicting inferences from the evidence, the jury should be charged generally for defendant on the usual hypothesis. But, when the evidence shows that an engine

properly equipped and handled will not emit sparks sufficient to cause the fire in question, it follows that, if in fact the sparks did cause the fire, there is shown a circumstance which discredits evidence of proper equipment and due care in handling, making a case for the jury. Louisville & Nashville R. R. Co. .v. Marbury Lumber Co., 125 Ala. 237, 28 So. 438, 50 L.R.A. 620; Southern Rwy. Co. v. Ross, 215 Ala. 293, 110 So. 369; Louisville & Nashville R. R. Co. v. Smith, 222 Ala. 618, 133 So. 905, and cases cited.

■ So that, if the evidence in this case, either direct or circumstantial, is sufficient to cast on defendant a presumption of negligence, its duty is to rebut that presumption by showing proper equipment and appliances and due care on its part both in the process of cleaning, filling, and capping the bottles, and in handling them up to the time of delivery to its purchaser. So that the whole question is under that hypothesis for the jury. Was the substance in the package when defendant put it on the market? Defendant concedes that its equipment and methods are such that it could not have been so in the exercise of due care. Its contention virtually is therefore that the substance was not in the bottle when it was placed on the market. On the principle of the Reichert Case, supra, the jury could find that it was in the bottle when issued by defendant from the fact, if it be a fact, that it was in the bottle when plaintiff opened its original seal for consumption.

■ Appellant contends that the cap was removable, and could be replaced without it being subject to detection, and from it argues that the foreign substance, if in the bottle at all, was so placed after it was bottled and sold by defendant. But the bottle in defendant's possession after it was filled and sealed could as well have been opened and recapped as after it left defendant's possession. When the sealed bottle has the seal on it in apparently the condition in which it was sold by defendant, and the foreign substance was then in it, the burden is upon defendant to explain its presence in a manner consistent with due care by it. If you say it could not have been done in the ordinary manner of filling and sealing the bottle, the explanation is still incomplete, for this bottle may have been treated in an extraordinary manner, or tampered with as well before as after it was sold by defendant. So that a ques-

tion is made for the jury as to defendant's negligence, if they find that the foreign matter was in the bottle when opened for consumption, and with no evidence of prior tampering with it.

 But it is argued that the claim is of negligence "in and about the bottling of said drink," and therefore, if there is negligence after the bottle leaves the machine, then completely "bottled," it is not within the complaint. But we cannot agree with this. Negligence in and about the bottling, we think, includes conduct in that respect which continues to the time it is delivered to another for sale or consumption. If the bottle fell or was roughly handled and the cap thereby removed and replaced by an employee, the process of doing so would be a feature of its bottling for final consumption.

The evidence was without conflict that plaintiff purchased the drink through a friend, who bought one for herself. They were engaged in a business near that of the Atlantic & Pacific store in which the drinks were bought, and from which they were carried. The two bottles were opened, and they proceeded to drink the contents. Though plaintiff did not like the taste, she continued to drink until it clearly appeared that there was some foreign matter in it. She then became sick and spat it on the floor. The bottle was examined and found to contain the foreign matter. When she became sick, they sent for the store manager, who examined what remained in the bottle and noticed the foreign matter. It was in court and was certified to us for inspection. It so appears now. We see nothing to reflect upon this testimony, certainly to the extent of holding that, by accepting it as true, the jury was carried off into their finding by reason of some improper motive or influence. The jury could very well have concluded that the matter was in the drink when the bottle was opened for plaintiff to consume. The duty then devolved on defendant to explain its presence consistent with due care.

 The process of bottling is not the limit of defendant's duty of due care. The bottles ordinarily remained in storage by defendant from one to ten days, and then were sent out on defendant's truck to be sold and delivered.

There is no evidence as to the bottle in question after it was filled and capped, except that the Atlantic & Pacific store manager bought it off of defendant's truck, as was his custom. No attempt was made to show a careful handling during that period.

Plaintiff is not presumed to have such knowledge or the ability to prove negligence by defendant. She proved that, when it was opened and she drank of it, the foreign matter was in it. Since there is no aspect of the evidence which would justify an inference other than that defendant did the bottling and sold it to the Atlantic & Pacific store, the evidence was sufficient to support the finding of the jury.

We see nothing in the claim of contributory negligence.

The refused charges were covered in principle by the oral charge.

Nothing prejudicial otherwise appears which has been brought to our attention.

Affirmed.

ANDERSON, C. J., and GARDNER, and BOULDIN, JJ., concur.