195 So. 560

**ALABAMA COCA COLA BOTTLING CO. v. SMITH.**

**7 Div. 465.**

Court of Appeals of Alabama.
March 26, 1940.

Rehearing Denied April 16, 1940.

---

[1] Ante, p. 139.

Hardegree & Dempsey, of Ashland, for appellee.

RICE, Judge.

As appellant's competent counsel state in their brief filed here: "This is a suit filed by the appellee against the appellant seeking a thousand dollars damages, alleging that the appellant on the 22nd day of July, 1937, was engaged in the manufacture and bottling of a beverage known as Coca Cola, and that the same was sold and distributed for the purpose of human consumption and that the appellee purchased one of the bottles from Thompson Grocery Company, located in the town of Ashland, Clay County, Alabama, and that the appellee consumed a portion of said bottle, which contained a spider, and that the appellant negligently permitted said spider to be bottled in said Coca Cola and that the appellee became sick from drinking a portion of the contents."

There was a verdict in favor of appellee for the sum of $50, upon which judgment was duly entered.

We shall not deal with the evidence in the case further than to say that that for appellee tended to support the allegations of his complaint; while that for appellant tended to refute same. The issues raised were for the jury.

The law applicable seems to have been succinctly and finally settled and declared by our Supreme Court in its opinion in the case of Dr. Pepper Co. v. Brittain, 234 Ala. 548, 176 So. 286. And, so far as we can observe, the learned trial court charged the jury in this case exactly, and completely, in accord therewith.

Pruet & Glass, of Ashland, for appellant.

This fact, in itself, was ample justification for the refusal of appellant's requested written charges appearing in the record so endorsed. Code 1923, Sec. 9509.

But the above is not to say that said charges should, otherwise, have been given to the jury. Written refused charge 3 was not applicable to the issues in this case; while written refused charge 5 would assume, as a matter of law, that appellant's "inspector," to so designate the employee named therein, could not be guilty of negligence.

The case seems to merit no more detailed discussion of the assignments of error argued and · insisted upon here, than that hereinabove set forth. We will state that we have carefully considered each of them, in the light of the general rules of evidence, and in the light of the law as it is established in the Dr. Pepper case hereinabove cited; and as it is not contrary to the law as outlined in each of the following cases cited to us by counsel in the cause, viz., Try-Me Beverage Co. et al. v. Harris, 217 Ala. 302, 116 So. 147; and Alabama Coca-Cola Bottling Co. v. Causey, 28 Ala.App. 115, 180 So. 588, certiorari denied by Supreme Court 235 Ala. 570, 180 So. 590. And, in the light of such law—not thought necessary to be here set out in extenso—it appears to us obvious that there is merit in none of said assignments.

The judgment is affirmed.

Affirmed.