113 So.2d 523

**W. C. GARDNER et al. d/b/a 7-Up Bottling
Company**

v.

**Loyd SUMNER.**

**6 Div. 701.**

Court of Appeals of Alabama.

June 23, 1959.

Fite & Fite and Bill Fite, Hamilton, for appellee.

HARWOOD, Presiding Judge.

In the suit below Loyd Sumner filed his complaint in four counts claiming damages for physical illness and suffering proximately resulting from defendants' negligence in bottling and selling a bottle of root beer for use by the public, which bottle contained foreign poisonous matter, and which was drunk by the plaintiff.

The jury returned a verdict in favor of the plaintiff, and fixed his damages at $400.-00. Judgment was entered accordingly.

The evidence presented by the plaintiff tended to show that on the morning of 21 August 1957 he had been engaged in cleaning out a commercial chicken house. After hauling "two loads" from the chicken house he went to the store of D. D. Real and purchased a root beer. He obtained the bottle himself from the box, uncapped it, and began drinking the contents.

Tweedy & Beech, Jasper, for appellant.

He drank "a right smart" of the contents of the bottle. It had a bitter taste, and when the "stuff" hit his throat he started gagging, and spit into a trash can. He began to pour the remaining portion

of the bottle in the can, but Mr. Real stopped him, and some of the drink remained in the bottle. The bottle and remaining contents were received in evidence.

The foreign matter in the drink looked like pieces of a cigar.

According to Sumner he did not become sick immediately, but did become nauseated in about fifteen minutes as he was returning to the chicken house on a tractor. While he returned to the work in the chicken house, he felt half sick the rest of the day, and at one time had another worker relieve him and he went into a barn and tried to vomit some more.

Mr. Real, the storekeeper, gave testimony entirely corroborative of the plaintiff's.

Mr. Bobbie Faught, manager of the defendant bottling company, was presented as a witness for the defendants. He testified in detail as to methods employed by the defendants in rinsing, cleansing in hot caustic solution, washing by hot and cold jets of water, and inspection of bottles, etc. prior to their use, or re-use by the defendants. In other words, the defendants' evidence was directed toward showing that the machinery used, and the methods used in cleansing bottles, and filling them after such cleansing rendered it unlikely, if not impossible, for any foreign substance to be in the bottled drink.

This evidence, in light of the evidence presented by the plaintiff that some foreign substance was in the root beer he drank, presented a conflict within the province of the jury to resolve.

■ The principle largely governing the conclusion to be reached in this case is stated in Dr. Pepper Co. v. Brittain, 234 Ala. 548, 176 So. 286, 287, as follows:

"Appellant insists that the affirmative charge was due it because the evidence shows, as it is claimed without dispute, that it was not negligent in bottling the drink so as to produce the result. We have often referred to the principle that, when such an article is prepared for and intended to be consumed by some member of the public, and an attempt is made to do so by one so intended, and when the apparently original sealed package is first broken, it contains a foreign unwholesome substance, there is a presumption that such matter found its way in it on account of the negligence of defendant. Reichert Milling Co. v. George, 230 Ala. 3, 162 So. 393; Collins Baking Co. v. Savage, 227 Ala. 408, 150 So. 336; Coca-Cola Bottling Co. v. Crook, 222 Ala. 369, 132 So. 898; Try-Me Beverage Co. v. Harris, 217 Ala. 302, 116 So. 147."

■ Or as stated in Try-Me Beverage Co. v. Harris, 217 Ala. 302, 116 So. 147:

"The presence of foreign matter deleterious to health sealed up in a bottle of soft drink is evidence of negligence."

Appellant has argued some twelve assignments of error in brief.

■ Assignment 13 relates to the refusal of defendants refused charge No. 11. This charge is to the effect that the burden of proof throughout the trial rested on the plaintiff to show that his alleged injuries were the proximate result of the negligence on the part of the defendants, and if the plaintiff failed to meet this burden, the jury should return a verdict for the defendants. A charge of similar import was approved in Whistle Bottling Co. v. Searson, 207 Ala. 387, 92 So. 657. However, the court further held that its refusal was not error, in that it was covered by the court's oral charge. Likewise, in this case, the principle enunciated in refused charge 11 was amply covered in the court's oral charge. Its refusal therefore did not constitute error.

Assignments 22, and 21, relating to refused charges 3, and 4, respectively, likewise are without merit, in that, these charges were covered in the court's oral charge.

Charges 8 and 9 (Assignments 16, and 15) were refused without error in that these charges were misleading under the legal principles governing. Charge 8 was further faulty as invasive of the province of the jury.

Assignments 10, 3, and 4 relate respectively to refused charges 14, X 2, and X 1, to the effect that the plaintiff could not recover damages for permanent injuries (charge 14); nor for loss of time from work (charge X 1); nor for medical bills (charge X 2). Since the only damages claimed in the complaint was for physical pain and suffering, these charges were abstract under the pleading. They were also abstract under the issues made by the evidence presented by the plaintiff. Furthermore, the jury were fully instructed by the court that the damages that could be recovered by the plaintiff were actual damages for pain and suffering. Charges 14, X 1 and X 2 were therefore properly refused.

Assignment 24 asserts as error the court's refusal of requested charge 1. This charge is affirmative in nature, and was properly refused under the developed evidence. Assignment of error 1 asserts that the court erred in rendering a judgment against the defendants, while assignment of error 2 asserts as error the action of the court in overruling the defendants' motion for a new trial. One of the grounds of the motion for a new trial goes to the sufficiency of the evidence to support the verdict and judgment.

These assignments, 24, 1, and 2, are without merit, and we would not be justified in positing error on either of them, in that purely a question of fact was presented to the jury under the conflicting evidence, and the evidence presented by the plaintiff, if believed by the jury to the extent required by the rule, was sufficient to support the verdict of the jury, and the judgment. Birmingham Coca-Cola Bottling Co. v. Sellers, 34 Ala.App. 355, 39 So.2d 706.

Other grounds of the motion for a new trial assert that the damages awarded are excessive, and this point is argued in appellants brief.

The damages that may be awarded for physical pain and mental suffering cannot be measured by any yard stick, and the assessment due as damages for such elements must be left to the sound discretion of the jury, subject to correction by the court only when there has been a clear abuse of such discretion as will evidence passion or bias in the amount of damages assessed. Austin v. Tennessee Biscuit Co., 255 Ala. 573, 52 So.2d 190; International Union, United Automobile, Aircraft and Agricultural Implement Workers of America (U.A.W.-C.I.O.) v. Palmer, 267 Ala. 683, 104 So.2d 691.

In Bellingrath v. Anderson, 203 Ala. 62, 82 So. 22, decided in 1919, the suit was for damages for drinking a part of a bottle of beverage in which there was a dead mouse. The plaintiff was thereby made sick, required the care of a physician, "and suffered great discomfort from nausea, etc. for many hours." The Supreme Court approved an award of damages in the amount of $500.00.

In Birmingham Coca-Cola Bottling Co. v. Sellers, supra, the plaintiff became nauseated about five minutes after consuming a portion of a bottle of beverage containing a roach. She called a physician by telephone and was advised to drink a glass of hot salty water. She was sick the rest of the day and into the next day, being nauseated at intervals. This court held an award of $400 damages not to be excessive, observing that the fact that the plaintiff consulted a physician by phone, rather than in person as was done in the Bellingrath case, supra, did not destroy the necessary authoritativeness of the Bellingrath case, particularly in view of the present day value of the dollar as compared with its value in 1919, the date of the Bellingrath decision.

We do not now see that the failure of the plaintiff in the present case to consult a physician, either in person, or by phone, should materially affect the amount of damages awarded, but rather would go to the bona fides of plaintiff's claimed illness for consideration by the jury.

This being so, we must conclude that under the doctrines of the Bellingrath and Birmingham Coca-Cola Bottling Co. cases, supra, that we would not be justified in holding that the damages in the amount of $400 awarded in this case are excessive.

Affirmed.