122 So.2d 356

**STOKELY–VAN CAMP, INC.**

v.

Etsel C. FERGUSON.

8 Div. 914.

Supreme Court of Alabama.

Aug. 13, 1959.

Rehearing Denied Aug. 18, 1960.

Andy Hamlet, Jr., W. Loy Campbell and H. R. Campbell, Scottsboro, for appellee.

J. A. Lee, Scottsboro, for appellant.

LIVINGSTON, Chief Justice.

This action is in tort for personal injuries. The complaint contained one count to which demurrers were overruled, and

charged that the defendant was negligent in the preparation of its canned goods, i. e., pork and beans, which plaintiff purchased from an intermediate dealer, and which he ate shortly thereafter and became violently ill. There was a verdict and judgment for plaintiff for $4500. The appellant's motion for a new trial was overruled, and it appealed.

This court has considered numerous cases touching the duty of care required of manufacturers of food products put up in packages or bottles to be sold intact, and their liability to the ultimate consumer for negligence in putting such products on the market in a condition unfit for human consumption, or dangerous to health because of the presence of foreign matter. Reichert Milling Co. v. George, 230 Ala. 3, 162 So. 393; Try-Me Beverage Co. v. Harris, 217 Ala. 302, 116 So. 147; Coca-Cola Bottling Co. v. Crook, 222 Ala. 369, 132 So. 898; Collins Baking Co. v. Savage, 227 Ala. 408, 150 So. 336; Birmingham Chero-Cola Bottling Co. v. Clark, 205 Ala. 678, 89 So. 64, 17 A.L.R. 667; Whistle Bottling Co. v. Searson, 207 Ala. 387, 92 So. 657; Jefferson Dairy Co. v. Williams, 215 Ala. 559, 112 So. 125; Kirkland v. Great Atlantic & Pacific Tea Co., 233 Ala. 404, 171 So. 735.

The appellant insists on several grounds of demurrer interposed to the complaint. In pertinent part, the complaint is as follows:

"The plaintiff, Etsel C. Ferguson, claims of the defendant, Stokely-Van Camp, a Corporation, the sum of Fifteen Thousand ($15,000.00) Dollars as damages for this that on, to-wit, January 23, 1956 and during the month of January, 1956, the Defendant was engaged in the preparation, sale, distribution and canning of beans and other food stuff for the purpose of human consumption and that in the course of its business the Defendant distributed or sold case lots of Van Camp's Pork and Beans in sealed containers, which were delivered, or caused to be delivered, and sold to Claud Sartin, a merchant doing business as Claude Sartin Grocery Store in Jackson County, Alabama. And the plaintiff avers that on, to-wit, the 23rd of January, 1956 between the hours of twelve and six o'clock P.M. he purchased a can of said Van Camp's Pork and Beans in the said Claude Sartin Grocery Store near Stevenson, Jackson County, Alabama, and that said beans were consumed by him immediately thereafter being purchased. And the Plaintiff avers that said Pork and Beans were so negligently prepared by the Defendant in the operation of its business of mixing, preparing and sealing said Pork and Beans for human consumption, that the Pork and Beans sold to the Plaintiff as aforesaid, was spoiled, contaminated, impure, stale, rotten or containing foreign matter to such an extent that as a result of eating said Pork and Beans, the Plaintiff became violently sick and ill and nauseated, suffered food poisoning and gastritis, * * *

* * * * * *

"And the Plaintiff avers that all of his said injuries were suffered as a proximate result of the Defendant's negligence in its preparation of the Pork and Beans sold by them and consumed by the Plaintiff, * * *"

As we understand it, it is argued by the appellant that the averment that the pork and beans were "spoiled, contaminated, impure, stale, rotten or containing foreign matter to such an extent that as a result of eating said Pork and Beans, the Plaintiff became violently sick and ill," etc., contains disjunctive alternate averments, and are no better than the weakest alternative, and that the averment that the pork and beans were spoiled, contaminated, impure, stale, rotten or containing foreign matter to such an extent that as a result of eating said pork and beans the plaintiff became violently sick and ill, etc., is a mere conclusion of the pleader.

■ There is no merit in this insistence. The averment that the pork and beans were spoiled is not a mere conclusion of the pleader, neither is the averment that they were contaminated, impure, stale, rotten or containing foreign matter a mere conclusion of the pleader.

■ In every cause of action grounded solely on negligence, there are three essential elements to a right of recovery: First, a duty owing from defendant to the plaintiff; second, a breach of that duty; and third, an injury to the plaintiff in consequence of that breach. Tennessee Coal, Iron & R. Co. v. Smith, 171 Ala. 251, 55 So. 170; Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443; Southern Railway Co. v. Simmons, 237 Ala. 246, 186 So. 566; Alabama Great Southern R. Co. v. Campbell, 32 Ala.App. 348, 26 So.2d 124; Alabama Great Southern R. Co. v. Raney, 34 Ala.App. 125, 37 So.2d 150. The complaint stated a cause of action.

Three other assignments of error will be treated together because they are controlled by the same principles. (1) It is contended that the verdict of the jury and the judgment entered thereon are not sustained by the great preponderance of the evidence, and the court erred in denying appellant's motion to set aside the verdict and the judgment entered thereon and to grant unto appellant a new trial. (2) The verdict of the jury is so against the preponderance of the evidence, after allowing all reasonable presumptions of its correctness, as to show that it is wrong and unjust, and the court erred in denying appellant's motion to set aside the verdict and the judgment entered thereon and to grant unto appellant a new trial, and (3) that the verdict of the jury, and the judgment thereon, are excessive.

■ The sole question presented by these three assignments of error is whether or not the verdict and the judgment are supported by the preponderance of the evidence. Verdicts are presumed to be correct and no ground for a new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738. It is true that the power of the trial court to set aside the verdict is inherent and is essential to prevent irreparable injustice in cases where a verdict wholly wrong is the result of inadvertence, forgetfulness, or intentional or capricious disregard of the testimony, or of bias or prejudice on the part of juries, which sometimes occurs. In the exercise of this power, courts should be careful not to infringe the right of trial by jury and should bear in mind that it is the exclusive province of the jury to determine the credibility of witnesses, to weigh the testimony and find facts from that testimony. The power of the trial court to set aside a verdict should be exercised only when it positively and affirmatively appears that the substantial ends of justice require that a verdict should be set aside and a new trial granted.

In Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447, 449, it was said:

"The basic reason for disturbing the verdict of a jury because of excessive or inadequate damages is precisely the same as for disturbing it because not supported by the evidence, or because opposed to the clear and convincing weight of the evidence. In the one case the inquiry is directed to one feature of the verdict; the damages awarded."

■ The foregoing being the principles by which a trial court should be controlled, it is to be observed that these principles apply with much greater force to the exercise of this power by an appellate court. When the presiding judge of the trial court refuses to grant a new trial, the correctness of the verdict is thereby strengthened.

There is no merit in the foregoing three assignments of error.

Assignment of Error No. 5 is as follows:

"The Court erred in refusing to receive the evidence offered by appellant as to the absence of other food poisoning claims from Stokely-Van Camp pork and beans in 1955 and 1956."

 Clearly, the fact that no other person had made claims of food poisoning from eating Stokely-Van Camp pork and beans in 1955–56 was not evidence to show exercise of care on the part of defendant, or that defendant was not guilty of negligence. Hill Grocery Co. v. Hameker, 18 Ala.App. 84, 89 So. 850; Greenwood Cafe v. Lovinggood, 197 Ala. 34, 72 So. 354. There is no merit in this assignment of error. Winter-Loeb Grocery Co. v. Boykin, 203 Ala. 187, 82 So. 437.

The appellant insists that the refusal of written charges 1, 3, 4, 5 and 7 constituted reversible error. These charges are abstract or state erroneous propositions of law. Moreover, the principles of law involved in the case were adequately covered by the court's oral charge, and the refusal of these charges was without error.

Assignment of Error No. 11 is as follows:

"The Court erred in refusing appellant's requested written charge No. 8," which reads

"Gentlemen of the Jury, I charge you that if you are reasonably satisfied from the evidence that the plaintiff, Etsel C. Ferguson, was, on the occasion complained of, himself guilty of negligence which proximately contributed to his sickness, you cannot find a verdict in favor of the plaintiff, Etsel C. Ferguson."

It is elementary that pleading without proof has the same effect as proof without proper pleading. A careful review of the record fails to show any evidence whatever of contributory negligence and the charge was, therefore, abstract and its refusal was not erroneous.

We see no good reason to here set out the tendencies of the evidence. On the one hand, the evidence tended to support the theory that plaintiff was made ill by eating the product of the appellant. On the other hand, the evidence tended to prove that his illness was the result of an automobile accident at a prior time. Suffice it to say, the evidence was in conflict, and it was a case for the jury.

No argued assignment of error merits a reversal of the cause and the same is hereby affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.