115 So.2d 126

**JASPER COCA COLA BOTTLING CO.**

v.

**Erlene BREED.**

**6 Div. 658.**

Court of Appeals of Alabama.

Oct. 13, 1959.

Tweedy & Beech, Jasper, for appellant.

Fite, Wilson & Fite and Arthur Fite, Jr., Jasper, for appellee.

PRICE, Judge.

Plaintiff sued the Jasper Coca Cola Bottling Company for damages for per- sonal injury resulting from defendant's negligence in bottling and selling a bottle of Coca Cola containing a burned match or other kind of wood. There was verdict and judgment for plaintiff in the sum of $700. Defendant appeals.

Plaintiff's evidence tended to show that on April 20, 1957, her son-in-law bought a Coca Cola for her at the A. & P. store in Jasper. After drinking a part of it she be- came choked, nauseated, vomited and caught a burned match in her hand. After leav- ing the store her daughter drove around a few blocks looking for a doctor's office but they were strangers in town and unac- quainted with Jasper doctors, they decided to drive to Haleyville, where they lived. Plaintiff vomited two or three times along the way. It was after dark when ·they reached Haleyville and they went directly to the hospital. Dr. Blake was called to the hospital where he treated plaintiff. She has been under his constant care since that time. She suffered a great deal of pain, was highly nervous, rendered hoarse and was still suffering pain and hoarseness when the case was tried on the 1st day of April, 1958.

Dr. Robert Blake testified when he saw plaintiff on April 20, 1957, she was com- plaining of pain in her throat, nausea, and was nervous. Upon examination of her throat he found a small area of trouble on the posterior surface of her left vocal cord. In order to see the posterior surface of the vocal cords it is necessary to use a laryngoscope, an instrument for examining the larynx. This instrument is "a rod that bends, with a mirror on it—you might call it a periscope operation." By the use of this instrument he was able to see the lacera- tion of the left vocal cord but he would not have been able to see such laceration by an ordinary examination, such as when a person's tongue is examined with an or- dinary light or mirror. Dr. Blake further testified the laceration he found on plain- tiff's vocal cord caused some vocal dis- tortion, and it was his opinion the injury was caused by some object being in her

throat. He testified further that plaintiff had been to his office some 18 or 19 trips. At first she came every four or five days and later came every three or four weeks. She responded normally to treatment. He stated there was scar tissue on the vocal cord with a result of hoarseness, and that such condition will persist.

Dr. Blake testified on cross examination it was 8:00, 9:00 or 10:00 o'clock at night when he first saw plaintiff, and at the time she told him she had been to see some one else but wasn't given much of an examination and came on to see him.

For defendant, Mr. Carl Burton, Manager of the A. & P. Store at Jasper, testified plaintiff showed him what appeared to be a burned match, or a piece of wood the size of a burned match and told him she got the match in her throat when she drank the Coca Cola. She had it in her hand when he saw it. Plaintiff never vomited in his presence and he didn't see or smell any vomit on her dress. She did not appear to be sick and said nothing about wanting to see a doctor.

Ralph Gilliland, a store employee, testified he called the manager after plaintiff showed him a match stem which she said she got from the Coca Cola. She did not appear to be sick, was not coughing or strangling and to his knowledge she did not vomit and he observed no appearances of her having been sick.

Dr. John R. Simons, an eye, nose and throat specialist, testified he was practicing in Jasper and had had special training in Chicago, New York, Boston and New Orleans. Dr. Simons stated he examined plaintiff on December 5, 1957, at defense counsel's request. He described his examination of her throat and said he found her vocal cords perfectly normal. There was no scar tissue and no evidence of any injury to her throat. She was not hoarse when he examined her. Dr. Simons stated he made the examination with a laryngeal mirror. On cross examination he described the difference between a laryngeal mirror, used by him, and a laryngoscope, which Dr. Blake testified he used. He stated that a laryngoscope goes down a patient's throat from six to eight inches and it is recognized by the medical profession as the correct instrument to use in some cases; that he did not use a laryngoscope and the instrument he used could be likened to a mirror dentists use, and a stick or a probe. On direct examination he said a very good view of the vocal cords can be had with a laryngeal mirror.

Defendant presented evidence by Mr. Ernest McKeever, its superintendent in charge of production, with eighteen or twenty years of service. His testimony was directed toward showing the improbability of the presence of a foreign object in a drink bottled by defendant, by reason of the equipment used and the procedure of cleansing, filling and inspection of its bottles. On cross examination the witness testified that during various inspection stages, even to the last stage of the process, foreign objects have been found in a bottle, and such bottle would have to be pulled from the line and that the bottles passed at such a rate of speed that the inspector would have less than two-thirds of a second to look at each one.

■ The direct conflict in the evidence presented questions for the jury's determination. The requested general charge was refused without error. Gardner v. Sumner, Ala.App., 113 So.2d 523;[1] Gardner v. Baker, Ala.App., 113 So.2d 695;[2] Dr. Pepper Co. v. Brittain, 234 Ala. 548, 176 So. 286. The evidence, if believed to the required degree, was sufficient to justify the verdict. There was no error in the denial of the motion for a new trial on the ground the verdict was contrary to the great preponderance of the evidence. Gardner v. Sumner, supra; Cobb v. Malone, 92 Ala. 630, 9 So. 738; Kurn v. Counts, 247 Ala. 129, 22 So.2d 725.

1. Ante, p. 340.

2. Ante, p. 374.

Defendant's refused charges 4 and 10 were substantially and fairly covered by the charges given at defendant's request and by the court's oral charge.

Refused charges 8 and 9 were disapproved as misleading under the governing legal principles, in Gardner v. Sumner, supra.

Refused charge 11 is in the language used by the court in Florence Coca Cola Bottling Co. v. Sullivan, 259 Ala. 56, 65 So.2d 169. Expressions in judicial opinions, though proper there, cannot always serve as charges to the jury. Wear v. Wear, 200 Ala. 345, 76 So. 111; Holloway v. State, 37 Ala.App. 96, 64 So.2d 115, and cases cited.

Charge 11 is misleading, confusing and elliptical. It is not predicated on a consideration of the evidence, and it fails to define the measure of proof required, that is, to reasonably satisfy the jury.

The court properly sustained plaintiff's objection on the grounds it called for a conclusion of the witness, and was invasive of the jury's province, to the question to defendant's witness McKeever:

"Q. In your judgment, if there has been a match in that bottle when it started through that washing machine, would those rinses and that water going into the bottle under pressure, would that have taken it out?"

During the redirect examination of Mr. McKeever defendant sought to introduce in evidence; (1) a bottle half full of Coca Cola which had been opened by witness and in which he had inserted a match similar to the match introduced by plaintiff; (2) The Coca Cola opened by witness with the same match offered by plaintiff; (3) A full bottle of Coca Cola with the match already offered by plaintiff in it. Plaintiff objected on the grounds the Coca Cola was not shown to have been through the same process, or produced under the same or

similar circumstances as the Coca Cola from which the plaintiff drank.

"The pertinent rule is that articles or objects which relate to or tend to elucidate or explain the issues or form a part of the transaction are admissible in evidence when duly identified and shown to be in substantially the same condition as at the time of the occurrence." Liberty National Life Insurance Co. v. Weldon, 267 Ala. 171, 100 So.2d 696, 712, 61 A.L.R.2d 1346.

We are of opinion the court properly refused to permit, for purposes of experimentation or comparison, a Coca Cola not shown to be in the same condition and produced under the same or similar circumstances as that from which the plaintiff allegedly drank.

Affirmed.

