PER CURIAM.
Denise Jones, and her husband, Johnny L. Jones, filed suit against Pizza Boy, Inc., claiming damages for personal injuries allegedly received by the plaintiff when a piece of ceiling tile fell on her while she was a customer in the restaurant. The case was tried to a jury, which returned a verdict in favor of the defendant. From a judgment entered thereon, the plaintiff appeals.
The plaintiff contends that the trial court committed reversible error in allow *820 ing into evidence over her objection a piece of ceiling tile, which was allegedly not the exact piece of tile that struck the plaintiff. The record indicates that Mr. Harold Griffin, the district manager of the Pizza Boy Restaurant, who identified the tile introduced by the defense, testified that it was exactly like the tile that would have fallen on the plaintiff, and he further stated that the ceiling of the entire store was covered with tile of the exact type which was introduced. This witness was never asked whether or not the piece of tile which was introduced was the exact piece of tile that struck Mrs. Jones. A Mrs. Shirley Hudgins, an employee of the restaurant at the time of the accident, testified that she picked up the tile that fell from the ceiling, and that it was exactly like the piece of tile introduced into evidence.
We see no error in the trial court’s allowing this evidence. We are cited to an opinion by the Court of Appeals, Jasper Coca Cola Bottling Co. v. Breed, 40 Ala.App. 449, 115 So.2d 126 (1959), wherein that court stated:
“ ‘The pertinent rule is that articles or objects which relate to or tend to elucidate or explain the issues or form a part of the transaction are admissible in evi-. dence when duly identified and shown to be in substantially the same condition as at the time of the occurrence.’ ” 40 Ala.App. 449 at 452, 115 So.2d 126 at 129.
See C. Gamble, McElroy’s Alabama Evidence § 212.03 (3d Ed. 1977).
In this case, the witnesses testified unequivocally that the piece of tile which fell from the ceiling onto the plaintiff was identical to the piece of tile which was introduced into evidence. For aught that appears from the record, the piece of tile introduced might have been the identical piece which fell. It is uncontradicted that it was the same type of tile exactly.
It is next argued that the trial court erred in not allowing plaintiffs’ counsel to cross-examine a Dr. Kitele concerning a pending medical malpractice suit against him in which he was represented by the attorney representing the defendant in this case. The record shows that Dr. Kitele was the plaintiff’s physician, and he treated her after the incident, the basis of this suit. The plaintiff’s counsel asked Dr. Kitele whether the defense counsel represented him in a suit against him, and if that litigation was still pending. Dr. Kitele answered “yes” to this question. When plaintiff’s counsel asked him the nature of the lawsuit pending against him in which he was represented by the defendant’s counsel, objection was sustained. In other words, the fact that the defense counsel was representing the physician in a pending lawsuit was not objected to, and that evidence was allowed to reach the jury. Thereafter, the plaintiff’s counsel did not question the physician as to whether or not the fact that he was represented by the defendant’s counsel affected his opinion in any way with respect to the injuries allegedly suffered by the plaintiff.
We agree with the plaintiff that great latitude should be allowed on cross-examination, and witnesses are subject to impeachment on the basis of bias, and any relationship which tends to show bias in favor of one side or the other is the proper subject of cross-examination. However, the record before us does not reflect that the plaintiff was cut off in any way in pursuing this line of questioning. To the contrary, the record shows that, having established that the physician was represented by the defendant’s lawyer in a pending lawsuit, the plaintiff stopped short. She cannot now complain that she was prejudiced in any way in not being allowed to show the nature of the lawsuit in which this witness was represented by the defendant’s counsel. C. Gamble, McElroy’s Alabama Evidence § 140.1, et seq. (3d Ed. 1977).
The last argument made is that the verdict is contrary to the weight of the evidence. We have read the evidence introduced below, and we are clear to the conclusion that the jury had evidence before it from which it could have concluded, as apparently it did, that while the plaintiff was struck by a piece of tile while on the premises of the defendant, she did not suffer any *821 injury. One physician testified that it was his opinion that she suffered no injury, and another testified that her condition was normal upon examination immediately following the incident.
It seems to us that this is simply a case in which the jury believed the defendant’s version of the case and rejected that of the plaintiff. There being evidence to support that conclusion, the jury’s verdict must be sustained.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.