(92 South. 654)
**SOUTHERN RY. CO. v. WRIGHT.**
(7 Div. 294.)

(Supreme Court of Alabama. April 27, 1922.)

**1. Pleading ⬅34(4)—In construing against pleader, language to be given reasonable construction.**

Though pleadings must be construed most strongly against the pleader, yet the language used should be given a construction in harmony with sound reason and common sense.

**2. Railroads ⬅394(6)—Complaint for death of person on track held sufficient.**

Counts of a complaint in an action for death on track *held* to sufficiently show deceased was in a place of danger upon or near track, that his perilous position was known to defendant's servants, and that the conduct of such servants after discovery of his peril was proximate cause of death.

**3. Railroads ⬅400(1)—Negligence as to person on track held for jury.**

In action for death on track, negligence of railroad and contributory negligence *held* for jury.

**4. Railroads ⬅401(7) — Instruction on engineer's right to assume person would leave track held correct.**

In an action for death on track, a charge that the engineer would have the right to assume that a reasonable man, a rational man, would get off the track before being struck by an engine, was correct, and not reversible error, though it might have been extended so as to include any adult person, whether reasonable or not.

**5. Railroads ⬅401(8)—Instruction on contributory negligence held properly refused as misleading.**

In an action for death on track, a charge that, if the jury believed from the evidence that deceased's death was the proximate result of his failure to look back for the train, plaintiff could not recover, though correct from a strictly technical standpoint, was properly refused as misleading, in view of the fact that plaintiff rested case upon doctrine of subsequent negligence.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Action by Queenie Wright, as administratrix of the estate of Al Wright, deceased, against the Southern Railway Company, a corporation, for damages for the death of her intestate. Judgment for the plaintiff, and the defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Count 1 of the complaint is as follows:

The plaintiff, as administratrix of the estate of Al Wright, deceased, claims of the defendant corporation the sum of $2,999 as damages, for that on or about the 1st day of March, 1920, the defendant was engaged in operation of a locomotive with a train of cars attached in the city of Gadsden, Etowah county, Ala., and on said date the plaintiff's intestate, Al Wright, was in a place of danger upon or near to the track where defendant was operating said locomotive and train of cars, to wit, near the defendant's depot in said city of Gadsden, and the defendant's servants or agents, then and there acting within the scope and line of the duties of their employment were engaged in and about the business of operating said locomotive and train of cars; and plaintiff avers that, after the danger of her said intestate was discovered by defendant's said servants and agents so operating said locomotive and train of cars, the said agents and servants so negligently conducted themselves in and about the conduct, control, or operation of said locomotive and cars that plaintiff's intestate was run upon or against by said locomotive or cars, and thereby killed; and plaintiff avers that the death of her said intestate was the proximate consequence and caused by the reason of the said negligence of the defendant or the said servants or agents, after the peril of her intestate was discovered, and within time to have prevented the said killing of her said intestate.

Count 3 is the same as count 1 down to and including the words "were engaged in

and about the business of operating said locomotive and train of cars" where they occurred together in said count, and then adds the following:

"And the plaintiff alleges that, while her said intestate was on said track as aforesaid, and in front of said train, which was rapidly approaching him, he was in a situation of peril, which the engineer or other person in charge and control of said engine was conscious of, and knew, and knew in time to have prevented the injury to plaintiff's intestate, but that said engineer or other person in charge or control of said engine, after he knew or became conscious of the perilous situation in which plaintiff's intestate was at the time, and acting within the line and scope of his employment, negligently failed to exercise due care and diligence to avoid the said injury to plaintiff's intestate, as a proximate consequence of which plaintiff's intestate was struck by said locomotive and killed, to plaintiff's great damage," etc.

The demurrers take the point that the counts do not show any negligence on the part of the defendant, its servants or agents after they had notice that the intestate could not or would not get off the track and out of danger, and that the counts do not show that defendant's agents or servants knew or had any reason to believe that plaintiff's intestate could not or would not leave the track before the train struck him. The oral charge of the court excepted to is as follows:

The engineer would have the right to assume that a reasonable man, a rational man would get off the track before being struck by an engine.

Charge 3, refused to the defendant is as follows:

If the jury believe from the evidence that Wright's death was the proximate result of his failure to look back for the train the plaintiff cannot recover in this case.

Hood & Murphree, of Gadsden, for appellant.

Demurrers should have been sustained to counts 1 and 3. 153 Ala. 232, 45 South. 238, 16 L. R. A. (N. S.) 301; 169 Ala. 304, 53 South. 805; 110 Ala. 328, 20 South. 345; 150 Ala. 318, 43 South. 577. The oral charge was erroneous. 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32.

E. O. McCord & Son, of Gadsden, for appellee.

If either count was good, the action of the court will be sustained. 4 Ala. App. 612, 58 South. 959. Both counts were good. 148 N. C. 153, 61 South. 664, and cases cited by appellant. There was no error in the charges of the court. 156 Ala. 269, 47 South. 87; 145 La. 261, 82 South. 218; 11 Ala. App. 241, 65 South. 859.

GARDNER, J. Plaintiff, as administratrix of the estate of Al Wright, deceased, sued to recover damages for the death of her intestate, who was killed in the city of Gadsden by a passenger train of the defendant railway. The cause was submitted to the jury upon counts 1 and 3, the plea of the general issue thereto, and special pleas of contributory negligence, resulting in a verdict and judgment for the plaintiff in the sum of $1,000 from which the defendant prosecutes this appeal.

Counts 1 and 3 rested for recovery upon the negligent conduct of the servants or agents of the defendant railway in the operation or management of the train after discovery of plaintiff's intestate in a perilous position at or on the track of the approaching train, and what are commonly referred to as subsequent negligence counts. Demurrers to these counts were overruled, and this action of the court constitutes the first assignment of error argued in brief.

[1, 2] This court has frequently stated that, while fully recognizing the rule that pleadings must be construed most strongly against the pleader, yet the language used in the pleading should be given a construction in harmony with sound reason and common sense. So construing these counts, we are of the opinion they sufficiently show plaintiff's intestate was in a place of danger upon or near the track upon which the approaching train was running, and that his perilous position was known to the defendant's servants or agents operating such train, and the negligent conduct of such servants or agents after discovery of such peril was the proximate cause of his death. We have examined the cases cited by counsel for appellant (Cent. of Ga. v. Blackmon, 169 Ala. 304, 53 South. 805; L. & N. R. R. Co. v. Young, 153 Ala. 232, 45 South. 238, 16 L. R. A. [N. S.] 301; B'ham Ry., etc., Co. v. Bowers, 110 Ala. 328, 20 South. 345; So. Ry. Co. v. Gallatt, 150 Ala. 318, 43 South. 577), but find nothing in them out of harmony with the conclusion here reached. It was, of course, unnecessary that the complaint anticipate any defensive matter.

We are of the opinion these counts were sufficient as against any demurrer interposed thereto, and in this action of the court no error was committed.

[3] Plaintiff's intestate was killed near the depot at Gadsden in the afternoon. Counsel for appellant refer particularly to three tracks at this place, one as the house track, which was nearer the depot, the main track, upon which this particular train was running, and the outer track; these tracks being some 10 feet apart. Above the place where the plaintiff's intestate was killed is what is known as the Louisville & Nashville crossing, and between that crossing and the depot is a trestle over which was a plankway used by pedestrians. This plankway was between the house track and the main line. The evi-

dence for the plaintiff tended to show that he was on his way to the depot, and on the outer track, running in the direction of the depot diagonally across from the outer track toward the plank walk across the main line, and the evidence was sufficient for the jury to infer that plaintiff's intestate was making an effort to reach the depot in time to take this particular train. There is also evidence tending to show that the engineer saw the intestate, and sufficient proof from which the jury could infer that he ' recognized the perilous position in which intestate was about to place himself, and his ignorance thereof, and that he gave no blast of the whistle or other warning before intestate was struck. There was also proof from which the jury could infer, considering some of the evidence as to the speed of the train and the distance intestate was dragged before the train was stopped, and apparently before he received his fatal injuries, that the train could have been stopped within 7 or 8 feet though it ran some 30 feet or more, and that during this time the intestate was holding himself off from the track, and was not killed until he came in contact with the trestle.

The evidence for the defendant tended to show that plaintiff's intestate was walking on the plankway, and not on the outer track, and that, while walking on the plankway, with the train approaching to the rear, he suddenly stepped upon the main line without looking or taking other precaution, and was instantly killed, notwithstanding every effort being made to prevent the injury after discovery of his peril.

It thus appears there was conflicting testimony introduced by the respective parties, and that the evidence was sufficient for submission to the jury of the issues of fact presented by the pleadings in the case. The affirmative charge was therefore properly refused. This suffices for a disposition of this assignment of error without consideration of the insistence of counsel for appellee upon observation of the jury of the scene of the accident, citing Ala. Power Co. v. Fergusen, 205 Ala. 204, 87 South. 796.

[4] Nor was there reversible error in that portion of the oral charge to which exception was reserved. The language used by the court was correct, though it might have been extended so as to include any adult person, whether reasonable or not. There was no evidence in the record contrary to the fact that plaintiff's intestate was a reasonable man, and there was no occasion for the court to go into a discussion of that question. The oral charge of the court very fully shows, a sufficiently clear exposition of the law ·to the jury upon this question, so far as the evidence of this case· required,. and some of

the defendant's given charges likewise embraced the same principle.

[5] There was no reversible error in the refusal of charge 3, requested by defendant. While from a strictly technical standpoint the language used may have been a correct statement of the law as viewed by a legal mind, yet we are of the opinion that as an instruction to the jury under the facts of this particular case it had a misleading tendency, which justified its refusal.

The plaintiff rested her case upon the doctrines of subsequent negligence, and from this charge the jury might be led to understand that the initial negligence of plaintiff's intestate in going upon the track· without looking for the approaching train would bar a recovery, notwithstanding the defendant's negligence subsequent thereto and after discovery of the intestate's peril.

We find no reversible error in the record, and the judgment appealed from will be affirmed.

Affirmed.·

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.