186 So. 566

### SOUTHERN RY. CO. et al. v. SIMMONS.

### 6 Div. 340.

Supreme Court of Alabama.

Feb. 9, 1939.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellants.

Coleman, Parsons & Abele, of Birmingham, for appellee.

KNIGHT, Justice.

Suit by George Herman Simmons, appellee here, to recover damages for personal injuries received by him by being struck by a locomotive of defendant, "while asleep on, or close to the railway track of the defendant."

The cause was tried upon amended count 1 of the complaint, which attempts to charge subsequent negligence on the part of the engineer in the control and operation of one of defendant's locomotives, which, at the time, was pulling a caboose and a number of cars loaded with coal. The locomotive, with the cars attached, was proceeding from Flat Top to Littleton, and, at the time of the accident, was within a short distance of the latter place. Count one appears in the report of the case.

It will be observed that the count avers that the plaintiff "was struck by an engine or locomotive on the railway track of said defendant, and as a proximate consequence suffered the following injuries and damages towit:" (then follows a catalogue of injuries).

It is too plain for argument that the term "as a proximate consequence" was employed simply to show that the injuries sustained resulted from the contact of the engine or locomotive with plaintiff's body, and has no reference whatever to any negligence on the part of the engineer in charge of said locomotive.

The count wholly fails to aver or to show that the injuries complained of were the proximate consequence of any negligent conduct of the engineer.

Of course, the plaintiff might have received his injuries as the proximate consequence of being struck by the moving locomotive, and, at the same time, the said injuries might not have resulted from any negligent act or omission on the part of the engineer.

Pleadings, upon demurrer, must be construed most strongly against the pleader, and with due regard for this rule, we hold that count one was defective in not averring, or showing, that the injuries complained of were received by the plaintiff as the proximate consequence of the negligence charged to the engineer. Louisville & Nashville R. Co. v. Young, 153 Ala. 232, 238, 45 So. 238, 239, 16 L.R.A.,N.S., 301; Merriweather v. Sayre Mining & Mfg. Co., 161 Ala. 441, 49 So. 916; Southern Ry. Co. v. Wright, 207 Ala. 411, 92 So. 654; Western Railway of Alabama v. Mutch, 97 Ala. 194, 196, 11 So. 894, ?1 L.R.A. 316, 38 Am. St.Rep. 179; Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443. The negligence charged in count one is directed solely at the engineer. No other agent, servant or employee on said locomotive or train is charged with any negligent act in the operation of the locomotive or train.

In overruling defendant's demurrer to count one of the complaint the court committed reversible error.

The plaintiff, over objection of defendant, was allowed to ask his witness Savage the following questions:

"All right, now, you hold that picture there, please sir. If an engine, No. 814, is going towards Littleton, Alabama, pulling thirteen cars loaded with coal and a caboose, the engine and cars in the same being equipped with airbrakes in good condition, running along the same dry track that you are looking at in the picture, Plaintiff's Exhibit No. 2, at a speed of fifteen miles per hour, and the brakes are immediately applied in emergency, in your opinion what distance would it take to stop the train?

\*   \*   \*   \*   \*   \*

"Less than one hundred feet. If an engine, No. 814, was going towards Littleton, Alabama, pulling thirteen cars loaded with coal and a caboose, the engine and cars on the train being equipped with standard air brakes, in good condition, running along the same dry track that you are looking at in the picture, Plaintiff's Exhibit No. 2, at a speed of twelve miles per hour and the

brakes are immediately applied in emergency, in your opinion in what distance would it take to stop the train?"

The witness was shown to have had many years' experience as a railroad engineer, and fully qualified to give expert testimony upon the matters inquired about. He knew nothing, however, of the actual facts in the case, and was called only for the purpose of giving expert testimony as to the handling of locomotive engines.

To the first question, this witness answered: "Well, sir, I would judge that it would take less than a hundred feet."

To the second question, the witness answered: "Less than seventy feet."

There was, at the time these questions were asked, no evidence that the track was dry. Nor did the evidence thereafter introduced show, or tend to show, that the track was dry, on the contrary the evidence tended to show that the track was wet, at least from the coal car next to the engine backward along the route of the coal cars, due to the fact that these cars were loaded with freshly washed coal, and the water was dripping from the cars wetting the track. The testimony of this expert witness was in direct conflict with the testimony of defendant's engineer on this vital question.

The rule prevails here that hypothetical questions should not contain elements of fact not shown by the evidence. Prudential Insurance Co. v. Calvin, 227 Ala. 146, 148 So. 837; S. H. Kress & Co. v. Barratt, 226 Ala. 455, 147 So. 386; Zimmern v. Standard Motor Car Co., 205 Ala. 580, 88 So. 743.

The two questions above set out were each subject to the objection that they hypothesized a fact that was not in evidence. The answer in each case was beneficial to plaintiff and hurtful to defendant. In overruling defendant's objection to said questions the court committed reversible error.

Likewise, the court committed error in refusing, upon motion of defendant, to exclude the answers to said questions.

The rulings of the court upon the other questions objected to by the defendant were free from reversible error.

There was some evidence in the case, though exceedingly slight, tending to show permanent disability on the part of the plaintiff, due to his said injuries, and, therefore, the court committed no error in refusing to charge the jury in the terms of defendant's refused charges 37, 35 and 38. The

appellant makes no argument here in support of its other refused charges, and we will treat the assignments relating to such charges as waived.

In view of the fact that the judgment must be reversed, and a new trial had, for the errors of the court above pointed out, it becomes unnecessary to pass upon the defendant's motion for a new trial, though we may say it presents a rather serious question.

For the errors pointed out, the judgment of the circuit court must be reversed, and the cause remanded for new trial in accordance with the foregoing opinion.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.