37 So.2d 150

## ALABAMA GREAT SOUTHERN R. CO. v. RANEY.

### 6 Div. 636.

Court of Appeals of Alabama.
Aug. 3, 1948.

Rehearing Denied Oct. 5, 1948.

126

Huey, Welch & Stone, of Bessemer, and Benners, Burr, Stokely & McKamy, of Birmingham, for appellant.

Howard W. Wages, of Bessemer, for appellee.

HARWOOD, Judge.

This is an appeal from a judgment for the sum of one thousand dollars entered pursuant to the jury's verdict in favor of the plaintiff below, appellee here.

As originally filed, the complaint contained two counts. Demurrers to count 2 were sustained. Count 1 was amended at the commencement of the trial, and as amended read as follows:

"Comes the plaintiff in the above styled cause and after having first had leave of the court amends Count one of the same complaint reads as follows:

"The plaintiff claims of the defendant $15,000.00 damages, for that heretofore on to-wit: February 22, 1946, the defendant was engaged in the operation of a railroad in the City of Bessemer, Jefferson County, Alabama, and the Plaintiff avers that on said date at a point in the corporate limits of said city where 14th street a public highway in said city, crosses the defendant Railroad tracks the defendants agents or servants, whose names are otherwise unknown to the plaintiff, while acting within the line and scope of his or their employment negligently ran one of the defendants locomotives with cars attached into an automobile in which the plaintiff was riding over said public crossing and so injured him that as a proximate result thereof the plaintiff was caused to lose much time from his work, to suffer great mental pain and anguish, to suffer bodily aches and pains and his automobile was bent broken and rendered useless and otherwise rendered unworkable mechanically and the plaintiff avers that he was permanently injured and rendered less able to carry out his daily work and earn a living."

Demurrers to the amended count were filed, and among others contain the following grounds:

"1. That it does not state facts sufficient to constitute a cause of action against this defendant."

"7. For that the averments set up, if true, do not show any liability on the part of the defendant herein."

"9. For that there does not appear sufficient causal connection between defendant's said breach of duty and plaintiff's injuries and damages.

"(a) For that there is no causal connection between the alleged negligence and the Plaintiff's alleged injuries and damages."

In every action grounded solely on negligence there are three essential ele-

ments to a right of recovery: First, a duty owing from defendant to the plaintiff; second, a breach of that duty; and third, an injury to the plaintiff in consequence of that breach. Tennessee Coal Iron Co. v. Smith, 171 Ala. 251, 55 So. 170; Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443; Southern Railway Co. v. Simmons, 237 Ala. 246, 186 So. 566; Alabama Great Southern R. Co. v. Campbell, 32 Ala.App. 348, 26 So.2d 124.

 Therefore in stating a cause of action for negligence, it is incumbent on the plaintiff to show by appropriate averments that the defendant owed plaintiff a duty, that there was a breach of such duty, and that injury resulted as a proximate consequence. Western Ry. of Alabama v. Madison, 16 Ala.App. 588, 80 So. 162.

Clearly the duty owed, and breach of such duty are sufficiently set forth in count 1, as amended, above set forth.

Does the language of the count show however that the injury allegedly sustained by the plaintiff was the proximate consequence of the defendant's negligence.

 In determining this question we must start with the premise that pleadings, on demurrer, must be construed most strongly against the pleader.

The only place in which the term "proximate" appears in the count is in that part wherein it is stated "and so injured him that as a proximate result thereof plaintiff was caused to lose much time from his work, to suffer much pain and anguish," etc.

 As so used the term "proximate result" merely shows that the inquiries catalogued were proximately caused by the injury sustained when the automobile in which plaintiff was riding was struck by defendant's train. It is definitely not a statement that the plaintiff's injuries resulted proximately from defendant's negligence. Southern Ry. Co. v. Simmons, 237 Ala. 246, 186 So. 566.

It is only alleged in general terms that the agents of the defendant were guilty of negligence on the occasion in question.

No specific facts are set forth which lead with reasonable certainty to the conclusion that the injury resulted proximately from the negligence charged. The language of the count now under consideration in our opinion affords no sufficient basis from which to infer a causal connection between the negligence generally alleged and the injury.

 Particularly is this conclusion necessary when it is remembered that "every negligent act from which injury results is not a negligent injury nor a breach of duty. Whether it is so, depends upon whether the injury is a proximate result of the negligent act." Sloss-Sheffield Steel and Iron Co. v. Wilkes, 236 Ala. 173, 181 So. 276, 278.

The lower court therefore erred to reversal in overruling the demurrer, and in denying appellant's request for the affirmative charge. Woodward Iron Co. v. Burges, 219 Ala. 136, 121 So. 399; Alabama Power Co. v. Curry, 228 Ala. 444, 153 So. 634. Other points are raised in appellant's brief. They are unlikely to arise in another trial of this cause. We therefore reserve consideration of them, and refrain from writing to them in the interest of brevity.

Reversed and remanded.