This is an appeal by the plaintiff from a judgment entered on a jury verdict in favor of the defendant.
Plaintiff, Audrey F. Smith, was a passenger in the front seat of a car owned and driven by her mother. While stopped at a red light, that car was bumped from the rear by a car driven by the defendant, Archie L. Blankenship. Smith sued Blankenship, alleging that, as a result of the automobile accident, she had developed rheumatoid arthritis of the cervical spine.
At trial, Smith testified that, directly after the accident, she felt pain in her neck, but did not wish to go to the hospital. She sought medical treatment for her neck injury from Dr. Joseph Wilkes five days after the accident. Wilkes examined Smith, diagnosed her problem as strain of the neck, and prescribed a soft cervical collar.
Two weeks later, Smith testified, she sought the advice of Dr. Richard Dodelin regarding her neck injury. Dodelin, an orthopedic surgeon, examined Smith and diagnosed her problem as "severe preexisting rheumatoid arthritis in her neck." He testified he thought the arthritis had accelerated due to the accident of 19 March 1981.
Blankenship relied upon the testimony of Dr. James Andrews and Dr. Vincent Currier to rebut the testimony of Smith's *Page 1065 
witnesses. Both physicians testified that Smith's X-rays looked normal and showed none of the changes caused by rheumatoid arthritis.
Dr. Andrews testified he had been treating Smith since 1975 for rheumatoid arthritis in her hips, one hand, and both feet. He stated she had never, before or since the auto accident, complained to him about her neck.
Smith presents four issues for this court's review:
"I.
 "Did the Court commit error when it refused Plaintiff's Motion for Directed Verdict on the issue of liability?
"II.
 "Did the Court commit error when it refused to sustain Plaintiff's objection to and instruct the jury to disregard Defense Counsel's personal references to himself in his argument to the jury — `When the bursa in these shoulders start aching every night, I have to take Tylenol —'
"III.
 "Did the Court commit error when it refused to sustain Plaintiff's objection to and instruct the jury to disregard Defense Counsel's argument to the jury when he said; `I would not impute or promote as necessary to anyone that this is something you must consider in all fairness because not only is this lady's life at stake in this case but this old gentleman's life and his property and —'?
"IV.
 "Did the Court commit reversible error when it refused to grant Plaintiff's Motion for New Trial?"
We will consider the issues in the order presented.
 I.
At the close of plaintiff's evidence, Smith made a motion for directed verdict on the issue of liability which the trial court denied. Smith contends the trial court erred in refusing to direct a verdict in her favor on the issue of liability and cites testimony by Blankenship that he was at fault in causing the wreck.
Smith has brought suit against Blankenship, contending his negligence caused her neck injury. A review of the record indicates Blankenship admitted, from the outset, his responsibility for the automobile accident but has, also from the outset, contended vigorously any disease was not a proximate result of the automobile accident.
The three well known elements of a right to recovery grounded on negligence are: (1) A duty owing from the plaintiff to the defendant; (2) A breach of that duty; and (3) An injury to the plaintiff as a consequence of that breach. See Alabama GreatSouthern Railroad Company v. Raney, 34 Ala. App. 125,37 So.2d 150 (1948); and Goodson v. Elba Baking Company, 408 So.2d 498
(1981).
In the instant case, the issue whether the actions of Blankenship caused injury to Smith was not, at the time of the motion for directed verdict, resolved. It is well settled that where any material issue of fact remains unsettled, a directed verdict is inappropriate. Caterpillar Tractor Co. v. Ford,406 So.2d 854, 856 (Ala. 1981). Therefore, the trial court would have erred in granting a directed verdict in favor of Smith.
 II.
Second, Smith contends the trial court committed reversible error when it refused to sustain plaintiff's objection to and instruct the jury to disregard defense counsel's personal reference to his own physical ailments in his closing argument. Smith says this was an improper appeal based upon matters not within the bounds of legitimate *Page 1066 
inferences or deductions from the evidence.
Blankenship contends the comments of counsel regarding aches in his shoulders were inferences drawn from the evidence. He contends he was attempting to infer that, though Smith probably did have aches and pains, her aches and pains, like those of other people, developed through natural bodily processes rather than resulting from injury caused by the accident.
Considerable latitude is permitted counsel in arguments to the jury. City of Birmingham v. Bowen, 254 Ala. 41,47 So.2d 174, 177 (1950). However, arguments which might encourage the jury to ignore the evidence and render a verdict based on prejudice are improper. While defendant's counsel may have been attempting to appeal to the sympathies of the jury, we do not think the statement by defendant's counsel regarding his own health problems influenced the finding of the jury. We find that the trial court's act of allowing defendant's counsel to so remark, if error, is not reversible error. Rule 45, ARAP.
 III.
Third, Smith contends the trial court committed reversible error when it allowed counsel for Blankenship to remark to the jury that the "old gentleman's life and his property [are at stake]." Smith claims the statement constituted an improper reference to wealth and an improper inference that the defendant had no liability insurance coverage. An analysis of the facts from the record discloses there is no merit in this assignment of error.
The record shows that Smith interjected the issue of defendant's financial condition during the trial. Blankenship calls to this court's attention the following cross-examination by Smith's attorney of defendant's wife.
"Q: Where is the [defendant's] farm?
"A: In Elmore County.
"Q: How big is it?"
Defendant objected to this question and plaintiff withdrew it. Plaintiff then continued.
"Q: What kind of farming does your husband do?
 "A: What little he does right now, it is soybeans and hay.
 "Q: Does he actually do it himself or do other people work for him?
 "A: He does it himself. He does have a hand that comes in and helps him when it is necessary but he don't all the time.
 "Q: How much of the farm does he actually cultivate?
The plaintiff continued further.
 "Q: Does Mr. Blankenship actually drive a tractor himself?
"A: Yes.
"Q: And would he just have one tractor only?
 "MR. McKOON: Now, we object to how many tractors he owns.
 "Q: Does he drive more than one type of farming equipment?"
Where counsel for a party litigant pursues an improper line of argument he thereby invites a reply in kind, and statements made by opposing counsel which would otherwise be objectionable are often proper. Mobile Cab Baggage Co. v. Busby, 277 Ala. 292, 169 So.2d 314, 320 (1964). We find that to be the situation here.
 IV.
Last, Smith argues the trial court committed reversible error by refusing to grant her motion for new trial.
Ordinarily, the denial of a motion for new trial rests within the sound discretion of the trial court. This court will not disturb the trial court's ruling unless the record plainly shows the trial court to be in error in its action on such a motion. Hill v. Cherry, 379 So.2d 590, 592 (Ala. 1980). Furthermore, jury verdicts are presumed correct and that presumption is strengthened when the trial court denies a motion for new trial. Finance Inv. Rediscount Co. v. Wells,409 So.2d 1341, 1343 (Ala. 1981). *Page 1067 
As we noted in our discussion of issue one, there was a considerable controversy as to whether Smith's injuries were proximately caused by the automobile accident for which Blankenship admitted liability. A review of the record reveals there was substantial evidence from which the jury could have concluded Smith's injuries were not a direct result of that accident. Therefore, the trial court was not in error in refusing Smith's motion for a new trial.
Because we find no reversible error in the record, the judgment is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ALMON and ADAMS, JJ., concur.