This is an appeal from a judgment for plaintiffs in a suit based on claims of breach of a lease agreement and conversion. We affirm.
On November 10, 1981, James Strait and his wife Elizabeth, (now deceased)[1] entered into a lease and purchase agreement with Ross and Carolyn Vandiver, whereby the Vandivers agreed to rent from the Straits a restaurant business in Muscle Shoals, Alabama. The agreement provided that the Vandivers would rent the restaurant building for $1,000.00 per month, payable on the fifteenth of each month. Additionally, the Vandivers agreed to purchase the equipment in the building for the sum of $30,000.00, payable in monthly installments of $446.19, with $9,000.00 down.
The agreement also contained provisions requiring the Vandivers to maintain the premises and equipment in good condition. It was also required that replacements be made of all worn or broken items, and any replacement item was to be considered as retained by the owner of the building. The agreement also provided that after a ten-day continuation of any breach, including failure to pay rent, the agreement could be terminated.
After the lease was signed, the Vandivers did extensive repair and clean up work in order to get the restaurant in shape to open. Special equipment and stock had to be purchased and installed to adapt the restaurant to sell alcoholic beverages. The restaurant opened around the first of January 1982.
On February 1, the Vandivers entered into another agreement with Strait to lease the building adjacent to the restaurant. The Vandivers used this building to operate a liquor store. The rent on the liquor store was $600.00 per month, payable on the first of each month.
The Vandivers also planned to lease a third building from Strait to use as a wholesale and retail barbecue operation. Although Strait did extensive repair work on the building, the lease was never signed.
On June 16, Strait locked the Vandivers and their employees out of the restaurant and the liquor store, allegedly because of non-payment of rent and bills. The Vandivers filed suit for breach of the lease agreement and for conversion of equipment, stock, and personal property. Strait denied all allegations in the complaint and counterclaimed for breach of the agreement and conversion.
The case was tried before a jury in the Circuit Court of Colbert County. The jury found in favor of the Vandivers in the amount of $45,000.00, and against Strait on *Page 1036 
his counterclaim. After his motion for new trial was denied, Strait appealed.
The first issue before this Court is whether the verdict is supported by sufficient evidence. Upon review of this case, we find that there was sufficient evidence to support the jury's verdict.
It is well settled that jury verdicts are presumed correct and will not be overturned on appeal unless plainly and palpably wrong and against the great weight of the evidence.Cammorata v. Woodruff, 445 So.2d 867 (Ala. 1984). A trial court's denial of a motion for new trial strengthens that presumption of correctness of the verdict. Smith v.Blankenship, 440 So.2d 1063 (Ala. 1983). The appellate court will review the tendencies of the evidence most favorable to the prevailing party and will indulge such reasonable inferences as the jury was free to draw. Mahoney v. Forsman,437 So.2d 1030 (Ala. 1983).
In the instant case, Strait argues that the evidence requires a finding in his favor on his counterclaim. He argues that the testimony indicated that the Vandivers had breached the lease and purchase agreement by failing to pay the rent when due, by falling behind on the utility and insurance bills, by failing to keep the premises maintained, and by making interior alterations without the owner's express permission.
The jury heard all of the controverted evidence as to whether the Vandivers were delinquent on their rent and whether they had maintained the premises in accordance with the terms of the lease agreement. The jury was free to reasonably conclude that Strait, rather than the Vandivers had breached the agreement by locking the Vandivers out of the restaurant and liquor store without sufficient reason for doing so.
Additionally, the jury could also have reasonably found for the Vandivers, and against Strait on the conversion claims. The Vandivers testified to an extensive list of equipment, stock and personal effects, valued by them at over $30,000.00, which was left in the restaurant when they were locked out. The evidence indicated that these items were never returned to the Vandivers.
We are not persuaded by Strait's argument that he was entitled to ownership of these items based upon the lease provisions. The agreement only provided that replacements for worn or broken equipment would be retained by the owner. There was sufficient testimony to indicate that most of the items left in the buildings clearly could not be considered as replacements.
We are also not persuaded by Strait's contention that he was entitled to damages for property belonging to him and taken to the Vandivers' home. The evidence indicated that the Vandivers removed a portion of a cafeteria line, some tables, and a booth when they originally began to clean up the restaurant. There was evidence that this property was removed with Strait's permission and full knowledge. Therefore, the jury was free to determine that Strait had not sufficiently proved his claim for conversion.
Finally, Strait argues that the jury should have found in his favor on the basis of promissory estoppel. He contends that in reliance upon the Vandivers' oral agreement to lease the barbecue operation he expended over $23,000.00 for remodeling and renovations of the building. Despite Strait's argument, we cannot consider this issue here, as it was not properly preserved for our review. The trial court did not charge the jury on the issue of promissory estoppel and no objections or exceptions were made to the court's failing to give such an instruction.
Therefore, based upon the foregoing discussion, we affirm the judgment of the trial court.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.
[1] Although Elizabeth Strait was a party to some of the transactions involved in this appeal, since she is now deceased, we shall refer only to James Strait as the defendant-counterclaimant. *Page 1037