The plaintiff in a personal injury action appeals from a judgment of the trial court denying her motion for new trial after a jury returned a verdict for the defendants. We affirm.
On November 19, 1984, the plaintiff, Cynthia Allen, was stopped in her automobile at an intersection in Muscle Shoals, when defendant Robert Turpin allowed his pick-up truck to roll into her rear bumper. Mr. Turpin had come to a stop at the intersection behind the plaintiff; while reaching to stir his coffee, he lifted his foot from the brake pedal and allowed his truck to roll forward. Mr. Turpin, who at the time of the accident was employed by defendant Texas Eastern Gas Pipeline Corporation and was driving a vehicle owned by that corporate defendant, testified that the contact between his truck and the plaintiff's automobile was nothing more than a "nudge." On the other hand, the plaintiff testified that her automobile suffered a "big hit from behind." No damage to either vehicle was apparent at the time of the accident, and the police were not called to the scene. The police officer who later investigated the accident found no damage "whatsoever" to either vehicle. Two of the plaintiff's minor children were riding in the back seat of her automobile at the time of the accident. One of them was standing in that seat and the other one was sitting. Neither child suffered any injury; in fact, the contact between the two vehicles was such that the child who was standing in the seat did not fall. No part of the plaintiff's body hit the steering wheel and the plaintiff gave no indication at the scene that she might have suffered an injury. Both the plaintiff and Mr. Turpin drove their vehicles away.
The plaintiff testified that she began to experience pain in the lower part of her back later on that day and went to the emergency room at Helen Keller Hospital, where, she said, she was treated by the attending physician and released. Shortly thereafter, she was examined and treated by Dr. Harold Kelly. Dr. Kelly diagnosed the plaintiff as having pulled a muscle in the lower part of her back. He continued to treat the plaintiff until January 1985. In October 1985, the plaintiff went to see Dr. David Longmire, complaining of headaches that she said had begun in March 1985, and lower back pain that she said had persisted since the accident. Dr. Longmire diagnosed the plaintiff as suffering from a herniated or "ruptured" disk in the lower part of her back and treated her accordingly. Dr. Longmire testified that an injury of the kind suffered by the plaintiff is caused by "[a] rapid flexion, distortion, pressure exerted on the disk in an abnormal movement, usually of high velocity and usually of high force." Based upon the history provided to them by the plaintiff, Drs. Kelly and Longmire testified that, in *Page 517 
their opinions, the plaintiff's back pain was caused by the accident. Dr. Longmire could not, however, render an opinion that the plaintiff's headaches were the result of the accident.
Because Mr. Turpin's negligence in the handling of his truck was not disputed, the trial court submitted only the questions of proximate cause and damages to the jury. The jury returned a verdict for the defendants, and the trial court entered a judgment on that verdict. The plaintiff made a motion for a new trial on the ground that the verdict was against the great weight of the evidence. The trial court denied that motion. Hence, this appeal.
The only issue before us is the propriety of the trial court's order denying the plaintiff's motion for a new trial. The determination of the propriety of that order turns on whether the evidence supports a finding by the jury that the accident was not the proximate cause of the plaintiff's injury.[1] The plaintiff, pointing to the testimony of Drs. Kelly and Longmire concerning the cause of her injury, argues that under the facts of the case the jury's verdict was against the great weight of the evidence. We disagree.
In Alabama, opinion testimony of an expert witness is binding upon a jury only when it concerns a subject exclusively within the knowledge of experts and the testimony is uncontroverted.Jefferson County v. Sulzby, 468 So.2d 112 (Ala. 1985); VulcanLife Accident Ins. Co. v. Standifer, 266 Ala. 246,97 So.2d 568 (1957); Commonwealth Life Ins. Co. v. Harmon, 228 Ala. 377,153 So. 755 (1934). See, also, 31 Am.Jur.2d Expert and OpinionEvidence, § 183 (1967). In the present case, the severity of the accident was disputed. Mr. Turpin claimed that his truck, did no more than "nudge" the plaintiff's automobile. The undisputed facts surrounding the accident tend to support this claim. The plaintiff, on the other hand, testified that her automobile had suffered a "big hit from behind." The degree of severity of the accident was clearly a matter for resolution by the jury. The jury could have, under the evidence, believed Mr. Turpin's version of the accident and found that the plaintiff's automobile had been merely "nudged" by his truck. Assuming such a finding, it was within the province of the jury to form its own opinion as to whether the plaintiff's injury could have been caused by such incidental contact. Stated another way, the jury was free to conclude that the opinions of the plaintiff's expert witnesses were inconsistent with the facts of the case. See 31 Am.Jur.2d, supra. After all, both doctors testified that their opinions were based upon the information that had been provided to them by the plaintiff. Furthermore, Dr. Longmire testified that an injury such as that suffered by the plaintiff is caused by "[a] rapid flexion, distortion, pressure exerted on the disk in an abnormal movement, usually of high velocity and usually of high force."
Where, as here, there is a factual dispute as to whether an injury was proximately caused by the acts of the defendant, it is peculiarly within the province of the jury to resolve the conflict. Pacheco v. Paulson, 472 So.2d 980 (Ala. 1985). In this case, the jury resolved those disputed facts in favor of the defendants. We hold that the trial court did not err in refusing to grant the plaintiff another trial.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.
[1] Our review of the evidence indicates that the plaintiff clearly proved that she had, at some time, suffered an injury to her back and, as a result, had suffered pain and incurred medical expense. *Page 518