ALMON, Justice.
Bobby S. Gilbert and Guy R. King sued Paul Smith, Jr., and Harold H. Smith (“Harold”) as individuals and Paul Smith and Harold Smith doing business as Smith and Smith Dairy (“Smith and Smith”), a partnership, for breach of contract. Paul Smith was adjudicated bankrupt by the U.S. Bankruptcy Court and was dismissed from this suit. The case was tried before a judge and jury. The jury returned a verdict in favor of Harold and the trial court entered judgment upon the jury’s verdict. *119 Gilbert and King moved for a new trial. The trial court denied the motion. Gilbert and King appeal from the trial court’s denial of their motion for new trial.
In 1975, Harold and Paul Smith began a dairy operation known as Smith and Smith Dairy. In 1979, Gilbert and King formed a partnership for the purpose of raising hol-stein cows for sale to people in the dairy business. On October 1, 1983, Gilbert and King entered into a lease agreement with Smith and Smith. Pursuant to the agreement, Smith and Smith were to lease 20 cows from Gilbert and King for ten months at a cost of $480 per month. In addition, each cow went to Smith and Smith with a calf by her side. Smith and Smith were to pay Gilbert and King $60 each for the calves. At the end of the lease period the cows were to be returned to Gilbert and King “safe in calf.” The agreement was signed by Gilbert and King and by “Smith and Smith Dairy, Paul Smith, Jr.” Harold did not take part in the negotiations nor did he sign the lease.
The cows were transported to Smith and Smith, with whom they remained for over 12 months. Smith and Smith never made any of the lease payments, nor did they pay for the calves. When the cows were returned to Gilbert and King only four had been bred. The calves were never returned to Gilbert and King.
At trial Gilbert and King argued that Smith and Smith was a partnership and that under Alabama law, debts incurred by one partner acting within the scope of the partnership are liabilities of all of the partners. At the conclusion of the evidence, the trial court charged the jury that there was a contract and that there was a breach of the contract and that the only issue presented for the jury’s consideration was whether Harold was liable for the breach. The jury returned - a verdict in favor of Harold and the trial court entered judgment on the verdict. Gilbert and King’s motion for a new trial was denied and this appeal followed.
This Court has held:
“Ordinarily, the denial of a motion for a new trial rests within the sound discretion of the trial court. This Court will not disturb the trial court’s ruling unless the record plainly shows the trial court to be in error in its action on such a motion. Hill v. Cherry, 379 So.2d 590, 592 (Ala.1980). Furthermore, jury verdicts are presumed correct and that presumption is strengthened when the trial court denies a motion for new trial. Finance, Inv. & Rediscount Co. v. Wells, 409 So.2d 1341, 1343 (Ala.1981).”
Smith v. Blankenship, 440 So.2d 1063, 1066 (Ala.1983).
In a case where the verdict is contrary to the uncontradicted evidence, however, the verdict should be set aside on a motion for a J.N.O.V. City of Tallassee v. Harris, 431 So.2d 1177 (Ala.1983).
At trial Harold produced an agreement on a form from the Farmers Home Administration entitled “Livestock-Share Farm Lease.” This was the original agreement between Harold and Paul Smith that began their business enterprise. The agreement contained a clause stating that “the lease shall not be deemed to give rise to a partnership relation, and neither party shall have authority to obligate the other without written consent, except as specifically provided in this lease.”
Gilbert and King produced a great deal of evidence that Harold and Paul Smith were partners, including the testimony of Harold and Paul Smith themselves. In addition to the testimony of Harold and Paul Smith, Gilbert and King produced certified copies of two verified complaints whereby Harold had actually filed suit to dissolve his partnership with Paul Smith. Harold and Paul Smith had been doing business as Smith and Smith Dairy for a period of ten years prior to this lawsuit.
When the trial judge charged the jury, he instructed them on partnership law in Alabama, including how one partner can bind the other partners.
It can be inferred from the jury’s verdict that, in spite of overwhelming evidence to the contrary, they determined that there was no partnership relationship between Harold and Paul Smith. The only evidence *120 that tends to show that there was no partnership was the livestock-share farm lease, which said that “the lease shall not be deemed to give rise to a partnership relation.” (Emphasis added.) The lease, however, does not prohibit a partnership from arising outside of the lease. In fact, there was testimony from Harold himself on cross-examination that he and Paul Smith were partners:
“Q. Now do you recall last week giving a deposition in my office?
“A. Yes, sir.
“Q. And you were sworn at that time to tell the truth, were you not?
“A. Yes, sir.
“Q. Let me call your attention to page seven of that deposition. I’m going to read you a question that begins on line thirteen. ‘Question, Have you been in a partnership with people operating that farm?’ I want you to start reading at line fifteen. What was your answer?
“A. I’ve got, yes.
“Q. And then the next question, I believe, was, who all have you been in partnership with, and I want you to read your answer.
“A. ‘Answer, I’ve been in partnership with John Sandy, Leslie Bennett, and Adams.’
“Q. Is that your whole answer?
“A. S. Adams. I believe that’s the three that have been out there.
“Q. Okay. And continue reading.
“A. Paul Smith, Jr., yes Paul Smith, Jr.”
It is clear from all of the evidence that there was a partnership between Harold and Paul Smith. Ala.Code 1975, § 10-8-52(2), says that all partners are liable “Jointly and severally for all debts and obligations of the partnership, except as may be otherwise provided by law.”
After a careful review of the record and the applicable law, we are of the opinion that the trial court erred in denying Gilbert and King’s motion for a new trial.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.
HOUSTON, J., dissents.