HOLMES, Judge.
This is a breach of contract case.
After a trial by jury, verdicts were rendered against Magic Home Builders, Inc. (M.H.B.) in favor of Robert Andrews (Andrews) in the amount of $10,000 and in favor of Darlene Andrews Jolly (Jolly) for $2,000.
M.H.B. filed motions for judgment notwithstanding the verdict, new trial, and remittitur, which were denied.
M.H.B. appeals, contending that the trial court erred by denying its post-trial motions because there was insufficient evidence presented to support the amount of the verdicts.
The dispositive issue on appeal is whether there was sufficient evidence to support the jury’s awards to Andrews and Jolly. We have reviewed the record with the attendant presumptions, and the following is pertinently revealed.
In 1983 Andrews and Jolly entered into a contract with M.H.B. for the construction of a home. The home was completed in August 1983, and Andrews and Jolly, then husband and wife, moved into it.
Andrews and Jolly were divorced in March 1984, and Andrews received title to the home and was required to assume the mortgage encumbering it.
Andrews later contacted M.H.B. and asked M.H.B. to take the home back and sell it because Andrews, having financial problems, could no longer meet the monthly mortgage payments. M.H.B. agreed to take the home back and to assume the mortgage. Andrews thereafter executed a deed conveying the home to M.H.B.
After making two monthly payments, M.H.B. and Jolly entered into an agreement, whereby Jolly repurchased the home from M.H.B. M.H.B. had retained the deed which Andrews had signed, but had neither recorded it nor assumed the mortgage. M.H.B., with typewriter correction fluid, “whited out” its name as grantee on the deed and typed over it the name of “Darlene, Andrews Jolly.”
In February 1987 Jolly filed suit against M.H.B. and Andrews to correct the defect this caused in the chain of her title and against M.H.B. for its failure to make certain repairs to the home which M.H.B. agreed to make when Jolly repurchased the home. Andrews filed a cross-claim against M.H.B., contending that M.H.B. had failed to assume the mortgage as it had agreed.
In response to motion for partial summary judgment by Jolly, the trial court ordered Andrews and M.H.B. to execute any and all documents necessary to vest clear title to the home with Jolly. As noted above, the jury returned verdicts in favor of Andrews on his fraud claim and in favor of Jolly on her breach of contract claim.
I
Andrews’s claim states that his credit has been impaired and that he is legally obligated on the mortgage encumbering Jolly’s home as a result of the fraudulent action of M.H.B., the failure of M.H.B. to record the deed, the failure of M.H.B. to formally assume the mortgage, and the act *305 of “whiting-out” M.H.B. as grantee on the deed itself.
In its brief M.H.B. argues that Andrews has not suffered any damage as a result of M.H.B.’s actions and further that there is no evidence establishing any intention of M.H.B. to deceive Andrews.
It is apparent that the jury’s award is in the main an award of punitive damages. A party may recover punitive damages in Alabama if he shows that he suffered at least nominal damages and that the acts of which he complains were committed with malice, willfulness, or wanton and reckless disregard of the rights of others. Mason v. Jack Daniel Distillery, 518 So.2d 130 (Ala.Civ.App.1987). “The elements are disjunctive. One need not prove each of them, but must prove at least one of them, to justify an award of punitive damages.” Ex parte Smith, 412 So.2d 1222, 1223 (Ala.1982).
The record reveals that M.H.B.’s president admitted that he agreed to assume the mortgage encumbering the home and that the act of “whiting out” M.H.B. as grantee on the deed was only a “mistake” on his part. M.H.B. also failed to record the deed and failed to assume the mortgage. Andrews relied upon the representations of M.H.B. to his detriment. The jury obviously found M.H.B.’s acts to have been committed with malice, willfulness, or wanton and reckless disregard for the rights of others and not just a “mistake.” This the jury was free to do. Furthermore, Andrews clearly showed that at least nominal damages were incurred to rectify the situation that M.H.B.’s fraudulent acts caused.
A jury verdict is presumed correct and will not be set aside unless it is without supporting evidence or is so contrary to the evidence as to1 render it wrong and unjust. See Kent v. Singleton, 457 So.2d 356 (Ala.1984). This presumption of correctness in favor of a jury verdict is strengthened when the trial court denies a motion for new trial. Howard v. Crowder, 496 So.2d 31 (Ala.1986).
As shown above there was evidence to support Andrews’s claim of fraud and proof that he suffered damages therefrom, We find no error here.
II
Jolly’s breach of contract claim is based upon an alleged agreement between her and M.H.B. When Jolly repurchased the home, Jolly and M.H.B. agreed that M.H.B. would perform various repairs to the home and in consideration Jolly would repay M.H.B. for two mortgage payments it had made.
Damages for breach of contract are awarded to place the injured party in the position they would have occupied had the contract been^ performed. Marshall Durbin Farms, Inc. v. Landers, 470 So.2d 1098 (Ala.1985).
The record reveals that both M.H.B. and Jolly admitted to the existence of an oral agreement concerning the repairs to the home. Jolly also testified that, among other things, the ceiling had cracked, the back door leaks, the floor is rotten, and weatherstripping was improperly installed. Testimony was presented which showed Jolly’s damages from the above to have ranged from $75 at the time the parties made their agreement up to $10,000 at the time Jolly brought suit. Thus, the jury’s award of $2,000 is clearly supported by the evidence. “[J]ury verdicts are presumed correct and will not be overturned on appeal unless plainly and palpably wrong and against the great weight of the evidence.” Strait v. Vandiver, 472 So.2d 1034, 1036 (Ala.1985).
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.