I concur with the majority on the nuisance issue, but must respectfully disagree with the majority's conclusion that the law requires that this case must be reversed on the evidentiary issue.
The state trooper was a properly qualified expert in this case, and to reverse the judgment on the ground that "the trooper was allowed to state his conclusions before he was asked to detail the facts upon which he based his opinion" is too strict an application of the law. If there was error, and I do not think there was, the error would have been, at most, harmless.
The evidence presented to the jury is more than sufficient to support its verdict. The facts of the accident made the basis of this action are rather simple. The jury could have found that Harvey Tipler topped a hill on Highway 31 in Escambia County, Alabama, at a speed of approximately 100 miles per hour; that the road was wet, that there was a hill crest, that there was an intersection, and that there were signs indicating that trucks would be on the highway. The jury could have found that Mr. Tipler topped the hill in approximately the center of the road, straddling the center line, with a radar detector plugged into the cigarette lighter of the car he was operating, and collided with the trailer, which was being pulled by John Authement and which extended approximately two feet into the southbound lane of traffic.
A principle deeply embedded in our jurisprudence is that a jury verdict is presumed to be correct and will not be disturbed on appeal unless it is so contrary to the evidence "as to convince this court that it is wrong and unjust."Kent v. Singleton, 457 So.2d 356 (Ala. 1984) This presumption of correctness is strengthened, where, as here, the trial court denies a motion for a new trial based upon a claim that the verdict is not supported by the evidence. Smith v. Blankenship,440 So.2d 1063 (Ala. 1983).
It appears to me that there is no legal reason presented why this case should be retried; therefore, I must dissent.