HOUSTON, Justice.
A jury returned a verdict for the defendant, Kinder-Care Learning Centers, Inc. (“Kinder-Care”), in a personal injury suit brought by Ricky Florence and Angelina Florence, individually and as next friends of their minor daughter, Candace Renee Florence. The Florences appeal from the trial court’s refusal to grant a new trial based on the grounds that the jury’s verdict was “contrary to the evidence or against the great weight of the evidence.” We affirm.
In Jawad v. Granade, 497 So.2d 471 (Ala.1986), this Court rejected the following dicta in Cobb v. Malone, 92 Ala. 630, 635, 9 So. 738, 740 (1891): “And decisions granting new trials [on the ground that the evidence was insufficient or that the verdict is contrary to the evidence] will not be reversed, unless the evidence plainly and palpably supports the verdict.” Where a trial court has refused to grant a new trial on the ground that the verdict is contrary to the evidence, the standard of review at the present time and at all times since Cobb v. Malone, is that the trial court “will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust.” Cobb v. Malone, 92 Ala. at 635, 9 So. at 740; Jawad v. Granade, 497 So.2d at 474. With this in mind, we review the evidence most favorably toward a party who has obtained a favorable jury verdict and whose verdict has been upheld by the trial court on a motion for a new trial testing the weight of the evidence. In this case, we review the evidence most favorably toward Kinder-Care.
Candace, who was three years old, was separated from a day care group of three-and four-year old children while on a field trip to a shopping mall to see Santa Claus (“separation incident”). Candace was found a few minutes after she was separated from the group and was returned to the group; she visited with Santa Claus, and no change was noted in her at that time. In the Florences’ complaint seeking to recover as next friends, they alleged that Kinder-Care had negligently and wantonly allowed the separation incident to occur and that as a proximate result of its negligence and wantonness Candace “was caused to suffer severe mental anguish and emotional distress, and was caused to undergo extensive and expensive psychiatric treatment, and suffered permanent psychological injury, and will require ... additional expenses in the future for psychiatrists’ and/or psychologists’ fees.” As to their individual claims, the parents alleged that as a proximate result of Kinder-Care’s alleged negligence and wantonness, they “were caused to incur substantial expenses for psychiatrists’ fees ... [and] will be caused to continue to incur such expenses in the future.”
The Florences contend that a child psychiatrist called as a witness by them testified that Candace was suffering from post-traumatic stress disorder and that the sole cause of her condition was the separation incident that is the basis of this action. The child psychiatrist testified that he first saw Candace on the advice of the Florenc-es’ legal counsel; that he obtained Candace’s history from the Florences; that he did not consult with or obtain any history from the pediatrician who had seen and treated Candace from a few days after her birth until months after the separation incident; and that that pediatrician, if he kept accurate records of the visits and reports, would be in a good position to know about Candace’s “history and her situation.” Candace’s pediatrician testified by deposition as an expert witness, without objection by the Florences. He was familiar with child psychiatric problems and did not observe any change in Candace’s condition or any problems in her behavior resulting from the separation incident. He had documents indicating evidence that the problems allegedly caused by the separation incident existed and had been noted before the separation incident occurred. Likewise, although the Florences testified to changes they had observed in Candace after the separation incident, there was testimony that they made no complaints of such *1269 changes in Candace’s behavior to the employees at Kinder-Care. One of Candace’s teachers, who did not go on the field trip to visit Santa Claus, and the director of the Kinder-Care center testified that they noticed no difference in Candace after the separation incident.
It was within the province of the jury to form its own opinion as to whether Candace’s condition was caused by the separation incident. Where, as here, there is a factual dispute as to whether a problem was proximately caused by the acts of a defendant, it is particularly within the province of the jury to resolve the conflict. Allen v. Turpin, 533 So.2d 515 (Ala.1988); Pacheco v. Paulson, 472 So.2d 980 (Ala. 1985). In this case, the jury resolved those disputed facts in favor of Kinder-Care. We hold that the trial court did not err in refusing to grant the Florences a new trial.
AFFIRMED.
MADDOX, ALMON, SHORES and KENNEDY, JJ„ concur.