ALMON, Justice.
The plaintiff, Delorise Reed, appeals from a jury verdict for the defendant, Mamie Wood Boyd, in Reed’s action alleging personal injuries suffered in an automobile collision. The only issue is whether the circuit court erred in denying Reed’s motion for a new trial on the ground that the verdict was against the great weight and preponderance of the evidence.
On a particular occasion in December 1990, Reed was a passenger in an automobile that, while stopped at a traffic light, was struck from behind by an automobile driven by Boyd. Boyd testified that her foot slipped off the brake pedal and that her ear bumped the car in front of her. Reed testified that the impact was greater than just a bump, but there was no damage to Boyd’s car and only minor damage to the car in which Reed was a passenger. Reed presented evidence that after the incident she began experiencing pain and that she lost time from work as a result of the pain. She testified as to other difficulties she had in performing housework, in holding her grandchildren, and in other activities. However, she presented little or no objective evidence of injury, and the jury could have found that the accident with Boyd did not proximately cause any injury to Reed.
From December 1990 through June 1991, Reed visited a chiropractor, who gave the following evidence as to whether the accident caused the symptoms she presented:
“Q. And could you tell us what history she gave you at that time?
“A. She said that she had been involved in an automobile accident; that she was hit from the rear.
[[Image here]]
“Q. Are these symptoms consistent with the type of accident that she described to you?
“A. Yes.”
The chiropractor referred her to a neurologist, who first saw her in July 1991. The neurologist performed tests that showed mild degenerative changes in her cervical spine but no significant disk bulging or narrowing of nerve root canals. Testing on her left arm, which she complained was numb, produced normal results. He diagnosed cervical strain with irritation of nerve roots. He recommended physical therapy, which she participated in for a short time but discontinued because of the expense. When asked his opinion as to whether her injuries were caused by the accident, the neurologist answered:
“A. The kinds of things she complained about ... are the kinds of things I hear after ... such motor vehicle accidents all the time. So, you know, they fit. They make sense. They didn’t raise an eyebrow.
[[Image here]]
“A ... [M]y goal when a patient comes to see me, of course, is to try to treat the patient, not necessarily ... to determine causation. Her symptoms were certainly — what’s the word I’m looking for — you know—
“Q. Consistent?
[[Image here]]
“A. I mean, her symptoms ... were the kind of things one hears after such an accident. I mean, certainly, in the absence of any information to the contrary, I would suspect that her symptoms, as she said, were caused by this accident.”
Thus, neither the neurologist nor the chiropractor gave unequivocal evidence that the accident caused the symptoms of which Reed complained. The following exchange occurred during cross-examination of the neurologist:
“Q. And these mild, degenerative changes could have been caused by age, couldn’t they?
“A. Yes, it could have been a relatively natural process.
[[Image here]]
“Q. Did she tell you that on the 15th of June of 1989 that she was involved in a motor vehicle accident?
‘A. No.’
*450 Reed testified that after the 1989 accident she had suffered headaches and had visited a chiropractor, but that she suffered no ill effects after a short time.
A jury verdict carries a strong presumption of correctness, and no ground for a motion for new trial will be more carefully scrutinized or more rigidly limited than an assertion that the verdict is contrary to the weight of the evidence. The presumption in favor of the verdict is strengthened when the circuit court denies a motion for a new trial. On appeal, this Court will not reverse the denial of a motion for a new trial unless, after allowing all reasonable inferences in favor of the verdict, it concludes that the weight and preponderance of the evidence is so decidedly against the verdict as to convince the Court that the verdict is plainly and palpably wrong and unjust. Delchamps, Inc. v. Larry, 613 So.2d 1235, 1239 (Ala.1992); S.S. Kresge Co. v. Ruby, 348 So.2d 484, 488-89 (Ala.1977); Merchants Bank v. Cotton, 289 Ala. 606, 609, 269 So.2d 875, 878 (1972). Conversely, the granting of a motion for new trial on the ground that the verdict is against the weight and preponderance of the evidence will be reversed “where on review it is easily perceivable from the record that the jury verdict is supported by the evidence.” Jawad v. Granade, 497 So.2d 471, 477 (Ala.1986).
Reed cites Clanton v. Huff, 404 So.2d 11 (Ala.1981), and Gribble v. Cox, 349 So.2d 1141 (Ala.1977). In each of those cases, the Court reversed an order denying a new trial in an automobile collision case. However, Boyd cites Allen v. Turpin, 533 So.2d 515 (Ala.1988), and Smith v. Blankenship, 440 So.2d 1063 (Ala.1983), as cases similar to this one; in each of those cases this Court affirmed an order denying a new trial. This case is more like Allen and Smith than like Glanton and Gribble. Gribble included a claim based on damage to the plaintiffs automobile that was undisputedly caused by the defendant’s negligence. In Glanton, the plaintiff undisputedly suffered significant injury that required hospitalization and traction, and there was no evidence that the injury could have been caused otherwise than by the accident.
In Allen there was evidence that the collision was slight, including evidence that a child standing on the seat of the plaintiffs car was not caused to fall, and thus a jury could find that the collision was not severe enough to cause the back injury of which the plaintiff complained. In Smith there was evidence that the rheumatoid arthritis of which the plaintiff complained was not caused or aggravated by the collision. Similarly, there was evidence here that the collision was too slight to cause injury and that the complaints later expressed by Reed could have been caused by normal degenerative aging processes or by an earlier accident Reed had suffered.
The weight and preponderance of the evidence are not so decidedly against the verdict as to convince this Court that the verdict is plainly and palpably wrong and unjust. The order denying a new trial is therefore affirmed.
AFFIRMED.
HORNSBY, C.J., and HOUSTON, KENNEDY and COOK, JJ., concur.