Samantha Waples was a passenger in an automobile driven by Charity Pressley. The Pressley vehicle was hit from behind when Pressley was forced to stop suddenly in heavy traffic. Donna Jo Pinson was driving the vehicle that collided with the Pressley vehicle. Waples sued Pinson, alleging that Pinson had negligently caused the accident and claiming damages for injuries she says she suffered as a result of the collision. The jury returned a verdict for the defendant Pinson. Waples moved for a new trial, claiming the jury's verdict was inconsistent with the evidence presented. The trial court denied the motion, and Waples appealed. This Court transferred the case to the Court of Civil Appeals, pursuant to Ala. Code 1975, § 12-2-7(6). Citing Reed v. Boyd,642 So.2d 448 (Ala. 1994), the Court of Civil Appeals, on September 10, 1999, affirmed, without an opinion. Waples v. Pinson (No. 2980654), 781 So.2d 1028 (Ala.Civ.App. 1999) (table). We granted certiorari review.
The issue before us is whether the trial court erred in denying Waples's motion for a new trial; that motion was based on the ground that the jury's verdict was against the great weight and preponderance of the evidence. In an earlier case, this Court stated the principles applicable in this present case:
 "A jury's verdict is presumed correct and will not be disturbed unless it is plainly erroneous or manifestly unjust. In addition, a judgment based upon a jury verdict and sustained by the denial of a postjudgment motion for a new trial will not be reversed unless it is plainly and palpably wrong. Because the jury returned a verdict for the [defendants], any disputed questions of fact must be resolved in their favor, and we must presume that the jury drew from the facts any reasonable inferences necessary to support its verdict. In short, in reviewing a judgment based upon a jury verdict, this Court must review the record in a light most favorable to the appellee."
Crown Life Ins. Co. v. Smith, 657 So.2d 821, 822 (Ala. 1994) (citations omitted). *Page 181 
See Morgan v. Allstate Ins. Co., 749 So.2d 462 (Ala.Civ.App. 1999).
We conclude that the jury's verdict in favor of Pinson was plainly and palpably wrong. First, the uncontroverted evidence indicates that Pinson breached her duty of care and caused the collision that is the basis of this lawsuit. At trial, Pinson admitted that immediately before the collision she was traveling at approximately 25 miles per hour when the three cars in front of her stopped suddenly. She further explained that, although she applied her brakes, she could not stop and "just kind of slid into the back of [Pressley's] car." Pinson also testified that just before the accident she was traveling at a distance of about "half a car length" behind the car in which Waples was riding. The investigating police officer testified that Pinson should not have followed at a distance of less than 50 feet. The evidence shows, without dispute, that Pinson breached her duty of care and by that breach caused her vehicle to collide with the vehicle in which Waples was a passenger.
Second, we conclude that the undisputed evidence indicates that Pinson's breach of duty proximately caused Waples to suffer some injury. Pressley testified that immediately following the collision Waples complained of back and neck pain. The record also indicates that after the accident Waples was upset and was crying and that she remained in the vehicle until after rescue-squad personnel had arrived to assist. The rescue personnel placed a neck brace on Waples and strapped her to a backboard before transporting her to a nearby hospital. Hospital personnel examined Waples, made X-rays, and gave her medication to relieve her pain. At trial, without opposition or contradiction, Waples entered into evidence the medical bills relating to her transportation to the hospital, the X-rays, and her treatment at the hospital. Based on this evidence, a reasonable jury could have concluded only that Waples suffered some personal injury and economic loss as the result of the collision caused by Pinson. Contributory negligence was not an issue in this case.
The Court of Civil Appeals' reliance on Reed v. Boyd,642 So.2d 448 (Ala. 1994), is misplaced. Reed is distinguishable, on its facts. Although Reed also involved an accident in which an automobile was hit from behind, the plaintiff in Reed made no complaint of injury immediately following the accident, as did Waples. Id. at 449. Furthermore, the plaintiff in Reed was not transported to a hospital directly from the scene of the accident.Id. To the contrary, in Reed the plaintiff began to complain of pain only some time after the accident. This Court held, based on the evidence, that "she presented little or no objective evidence of injury [and that] the jury could have found that the accident with Boyd did not proximately cause any injury to Reed." Id. at 449. The lack of proximate-cause evidence in Reed distinguishes that case from this case — in which Waples did present such evidence — and therefore renders Reed inapplicable.
The jury's verdict for Pinson is inconsistent with the undisputed evidence indicating that Pinson negligently caused the accident and the injury and loss incurred by Waples, at least to the extent of the expenses incurred in connection with transportation and emergency-room treatment. Given the evidence presented in this case, we must conclude that the trial court erred by denying Waples's motion for a new trial and that the Court of Civil Appeals erred in affirming the judgment of the trial court.
The judgment of the Court of Civil Appeals is reversed, and the cause is remanded for that court to order a new trial.
REVERSED AND REMANDED. *Page 182 
Hooper, C.J., and Houston, Cook, See, Brown, Johnstone, and England, JJ., concur.
Maddox, J., dissents.